## COBB et al. v. UNITED STATES.

No. 10365.

Circuit Court of Appeals, Sixth Circuit.
May 26, 1947.

Whitney W. Potter, of St. Joseph, Mo., for appellants.

John Brown, of Memphis, Tenn. (William McClanahan and Thomas C. Farnsworth, both of Memphis, Tenn., and Theron L. Caudle, of Washington, D. C., on the brief), for appellee.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

Stripping this large record of what we regard as unessential matter, appellants were convicted in March 1943 upon two counts of an indictment, the first, for breaking into and entering, with intent to steal, the Cottage Grove Bank & Trust Company at Cottage Grove, Tennessee; the second, for stealing from the bank the sum of $2719.28. Appellants' motion for a new trial was overruled on April 24, 1943, and each of them was sentenced to a term of ten years upon each count, the sentences to run concurrently. They are now serving these sentences in the United States Penitentiary at Leavenworth, Kansas.

On July 13, 1946, appellants filed in the District Court a "Motion and Petition to Vacate Judgment and Commitment and Obtain Dismissal of Action." This "motion and petition" was overruled on September 26, 1946, hence this appeal.

Appellee insists that the "motion and petition" was not timely filed. Appellants contend that it was in the nature of a petition for a writ of error coram nobis. They further contend that it was based upon an affidavit executed by one Owen Kent Taylor (herein called Taylor to distinguish him from his brother, George Joseph Taylor, one of the appellants) on May 5, 1945, and could not have been filed earlier. The District Court held, that the motion and petition was filed within a reasonable time, and took jurisdiction.

The prayer of the motion and petition is, that the court "set aside the verdict rendered by the jury, and vacate judgment of sentence and commitment imposed * * * by this Honorable Court, and to thereby cause and effect our respective release from custody of the United States of America, and to dismiss the action and prosecution, for the causes set forth in the articles hereinafter contained; to wit: * * *"

The petition also avers that appellants were deprived of due process of law in that their counsel did not at their request appeal their cause; but the point was not pressed either before the District Judge or before us.

■ In view of our holding in Waldron v. United States, 6 Cir., 146 F.2d 145; and Tinkoff v. United States, 7 Cir., 129 F.2d 21, we overrule appellee's contention that the District Court lacked jurisdiction. See also United States v. Johnson, 7 Cir., 149 F.2d 31.

Appellants' contention was that their sentences were void because their conviction was based upon the perjured testimony of Taylor. He was the principal witness against appellants and we think that without his testimony the evidence against appellants might reasonably have been considered by a jury as insufficient to support a verdict of guilty. Appellants' claim is based upon an affidavit of Taylor executed May 5, 1945, which consisted of sixteen pages of handwriting on legal cap size paper. We do not undertake to make a critical analysis of the affidavit. In it Taylor admits that he was a defendant in the District Court for the Western District of Missouri in a criminal case against himself, his brother, George Joseph Taylor, Howell Cobb and James Maxie Hayes for bank robberies, which case had been tried three times in St. Joseph, Mo., the first two trials resulting in mistrials and the third in the conviction of appellants. In the St. Joseph

case Taylor entered a plea of guilty to the robbery of a bank at Easton, Mo., and received a sentence of ten years in the penitentiary which he was serving when he executed the affidavit of May 5th. He was a defendant along with appellants in the Cottage Grove, Tenn. case, which was tried at Jackson, Tenn. in March 1940, and out of which this appeal eventually grew. He was not tried along with appellants in the Cottage Grove case but was granted a severance and was used as a witness for the Government. He entered a plea of guilty but the case as to him was finally dismissed by the Government. If his testimony in that case is true, there can be no doubt of appellants' guilt. If it was false, appellants knew it then, but their contention is that they could not effectively disclose Taylor's perjury until he himself completely recanted it in his affidavit above referred to. In this affidavit Taylor did completely and unreservedly recant his testimony in the Cottage Grove case at Jackson and declared that it was deliberately false and that he was a perjurer.

Upon the other hand, in the hearing of ap- case, in which appellants and Hayes and Taylor were all defendants, and in which Taylor plead guilty and was sentenced, as above indicated, Taylor, as a witness on appellants' motion for a new trial, testified that his testimony as a Government witness on each of the three trials was deliberately false, and that his affidavit of May 5, 1945 was true. He also testified in the Missouri case that his evidence in the Jackson case was false and perjurious.

On the other hand, in the hearing of appellants' motion and petition to have judgment, etc., it was shown that Taylor had been examined not only as a witness in the Jackson, Tenn. case, but before a United States Commissioner and before the Grand Jury, and that upon each occasion his testimony was in substance identical with his testimony before the court at the trial. It was also shown that he had made similar statements to an agent of the F.B.I. and to a patrol sergeant. It was further shown that upon appellants' original motion for a new trial in the Jackson case, where the truth of Taylor's testimony was challenged, he, in an affidavit executed on April 12, 1943, stated with much emphasis and great detail that his testimony on behalf of the Government at the trial in Jackson was true.

Appellants' claim now is, that in denying their motion and petition, the court abused its judicial discretion. See Tinkoff v. United States, supra.

We cannot accept that view. The court was not required or compelled to believe Taylor's affidavit. Moreover, Taylor's recantation is not in itself ground for invoking the due process clause of the Constitution against appellants' conviction. Hysler v. Florida, 315 U.S. 411, 413, 62 S. Ct. 688, 86 L.Ed. 932. It was the duty of the court to determine the matter before it in the light of the whole series of events and circumstances disclosed in the record. The trial judge was the same judge who presided in the Jackson case and heard Taylor's testimony and observed his manner and demeanor on the witness stand. His testimony was in substance the same as that given by him on at least six different occasions. The court had a right to consider that he had entered a plea of guilty to bank robbery in at least two cases and to consider further whether in executing the affidavit of May 5, 1945, he was motivated by a desire to tell the truth and clear his conscience or by some other reason or purpose.

To us it is quite apparent that there was no abuse of judicial discretion in denying appellants' motion and petition and it results that the judgment appealed from should be and the same is affirmed.