## HOLBROOK v. HUNTER, Warden.
### No. 3100.

Circuit Court of Appeals, Tenth Circuit.

April 23, 1945.

Archie James Holbrook, pro se.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a writ of habeas corpus.

An indictment containing two counts was returned against petitioner, Holbrook, and another in the District Court of the United States for the Western District of Missouri, Southern Division. Each count charged a violation of 12 U.S.C.A. § 588b, the pertinent provisions of which read:

"588b. (a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank; * * * shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; * * *.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any

person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years or more than twenty-five years, or both."

The first count of the indictment alleged that petitioner and another, on November 29,. 1937, in the Southern Division of the Western District of Missouri, by force and violence and by putting in fear Tom Watkins, cashier, Leslie Hunt, bookkeeper, Gail Coy Brown and Bess Long, clerks, and Lizzie Luner, paying teller, of the Citizens Bank of Springfield, Missouri, took and carried away $13,355, lawful money of the United States, of such bank; that such bank was then and there a banking corporation, engaged in the general banking business, and a member of the Federal Deposit Insurance Corporation; and that the means, force, and violence employed by petitioner and his codefendant and by which such officers, agents, and employees of such bank were put in fear of their lives were the use of shotguns and revolvers which petitioner and his codefendant pointed at such officers, agents, and employees.

The second count charged that at the same time and place, petitioner and his co-defendant, by force and violence and with the use of shotguns and revolvers, which were dangerous and deadly weapons, and, by pointing such shotguns and revolvers and brandishing them in a menacing manner at such officers, agents, and employees, did put in jeopardy the lives of such officers, agents, and employees, and did take and carry away $13,355, lawful money of the United States, of such bank.

The petitioner pleaded guilty to both counts of the indictment. The court sentenced him to a term of 20 years on the first count and 5 years on the second count, to run consecutively.

After serving approximately five years, petitioner filed a motion in the District Court of the United States for the Western District of Missouri to vacate the 20-year sentence on the ground that the two counts charged a single offense, and that the sentence on the first count was void. From an order denying the motion, the petitioner appealed to the Circuit Court of Appeals for the Eighth Circuit. That court remanded the case with directions to deny the motion to vacate the 20-year sentence on the first count but to vacate the 5-year sentence on the second count. See Holbrook v. United States, 8 Cir., 136 F.2d 649. On remand, the District Court entered orders in accordance with the directions of the Circuit Court of Appeals.

After serving more than five years, petitioner commenced this proceeding seeking discharge on habeas corpus.

Subsection (a), supra, creates four separate offenses. Subsection (b), supra, does not create a separate and distinct offense, but merely provides for an increased punishment if, in committing, or attempting to commit, any offense defined in subsection (a), the offender "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." [1]

Petitioner contends that the sentence on the first count was void. That precise issue was adjudicated by the Eighth Circuit Court of Appeals and the orders entered in accordance with its mandate, and petitioner is barred from relitigating it here, under the doctrine of res judicata.[2]

Moreover, subsection (b) provides that "Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) * * * *assaults any person*, * * * by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both." (Italics ours.) It will be observed that count one charged that petitioner and his codefendant in committing the offense defined in subsection (a) pointed shotguns and revolvers at the officers, agents, and employees of the

---

[1] Holliday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Durrett v. United States, 5 Cir., 107 F.2d 438, 439; Hewitt v. United States, 8 Cir., 110 F.2d 1, 10, 11; Wells v. United States, 5 Cir., 124 F.2d 334, 335; Dimenza v. Johnston, 9 Cir., 130 F.2d 465, 466; Lockhart v. United States, 6 Cir., 136 F.2d 122, 124. See, also, Casebeer v. United States, 10 Cir., 87 F.2d 668.

[2] United States v. Oppenheimer, 242 U. S. 85, 87, 37 S.Ct. 68, 61 L.Ed. 161, 3 L.R.A. 516; Collins v. Loisel, 262 U.S. 426, 430, 43 S.Ct. 618, 67 L.Ed. 1062; Chitwood v. United States, 8 Cir., 178 F. 442, 443, 444; United States v. McConnell, D.C.Pa., 10 F.2d 977, 979, 980; United States v. Morse, D.C.N.Y., 24 F.2d 1001; United States v. Dockery, D. C.N.Y., 49 F.Supp. 907.

bank and brandished such weapons before them in a menacing manner. Therefore, count one charged that petitioner and his codefendant in committing the offense defined in subsection (a) by the use of a dangerous weapon, assaulted such persons. It follows that, on petitioner's plea of guilty to count one, he was lawfully sentenced under the provisions of subsection (b). Therefore, the most that can be said is !that when the court imposed the sentence of 20 years on count one, it exhausted its power to sentence, and the sentence on count two was void.

Affirmed.