### GARRISON v. HUNTER.

No. 3129.

Circuit Court of Appeals, Tenth Circuit.

June 30, 1945.

Howard F. McCue, of Topeka, Kans., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kans., (Randolph Carpenter, U. S. Atty., of Topeka, Kans., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus.

An indictment containing two counts was returned against Garrison[1] in the District Court of the United States for the Western Division of the Northern District of Alabama. Count one charged that petitioner and a codefendant, on May 9, 1942, did conspire "to injure, oppress, threaten and intimidate a certain citizen of the United States, to-wit: J. G. Dorough, * * * in the free exercise and enjoyment of a right and privilege secured to him by the Constitution and Laws of the United States, to-wit: the right and privilege to inform public officials and officers of the United States of a violation of the Laws of the United States," and that to effect the object of such conspiracy, petitioner and his codefendant, on May 9, 1942, did threaten and curse and otherwise ill-treat Dorough. Count two also charged a conspiracy to violate § 19 of the Criminal Code, 18 U.S.C.A. § 51.

Petitioner was arraigned and entered a plea of not guilty as to each count. Thereafter, he was tried and found guilty on count one. On the conviction on count one, petitioner was sentenced to imprisonment for a term of five years and to pay a fine of $1,000. On appeal the judgment was affirmed.[2] Petitioner, thereafter, filed a petition for a writ of certiorari in the Supreme Court of the United States. The petition was denied.[3] In all of the foregoing proceedings, petitioner was represented by counsel.

In his application for the writ of habeas corpus, petitioner alleges that the proof adduced at the trial on the indictment wholly failed to establish the conspiracy charged. At the hearing below in the habeas corpus proceeding, petitioner introduced in evidence the bill of exceptions

---

[1] Hereinafter called petitioner.
[2] See Garrison v. United States, 5 Cir., 135 F.2d 877.

[3] See Garrison v. United States, 320 U.S. 751, 64 S.Ct. 55, 88 L.Ed. 446.

filed in the Fifth Circuit Court of Appeals.

██ Questions going to the sufficiency of the evidence to support the charge and the competency of the evidence adduced at the trial are not reviewable on habeas corpus. Where one seeks discharge from confinement after conviction for an offense upon an application for a writ of habeas corpus, the only questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. A habeas corpus proceeding cannot be employed as a substitute for an appeal.[4] Moreover, the identical question here presented was raised in the criminal proceedings and was there adjudged adversely to petitioner's contention by the District Court of the United States for the Northern District of Alabama and the Fifth Circuit Court of Appeals,[5] and the judgment in that case bars petitioner from raising the question here under the doctrine of res judicata.[6]

██ In his application for the writ, petitioner alleges that the jury found him guilty on count one and not guilty on count two and that the verdicts are inconsistent. The evidence presented does not clearly show that the jury returned a verdict on count two. We shall assume, however, that it did return a verdict of not guilty on that count. Where a defendant is charged by two or more counts in an indictment, consistency between the verdicts on the several counts is not necessary. A verdict of acquittal on one count does not invalidate a verdict of guilty on another count although the same evidence is offered in support of each.[7]

The other grounds alleged for the writ are wholly without merit.

The order appealed from is affirmed.

---

[4] Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732; Garrison v. Hudspeth, 10 Cir., 108 F.2d 733; Norton v. Zerbst, 10 Cir., 83 F.2d 677, 678; Watkins v. Zerbst, 10 Cir., 85 F.2d 999, 1000; Reger v. Hudspeth, 10 Cir., 103 F.2d 825, 827.

[5] See Garrison v. United States, 5 Cir., 135 F.2d 877, 878.

[6] Holbrook v. Hunter, 10 Cir., 149 F.2d 230; United States v. Oppenheimer, 242 U.S. 85, 87, 37 S.Ct. 68, 61 L.Ed. 161, 3 L.R.A. 516; Collins v. Loisel, 262 U. S. 426, 430, 43 S.Ct. 618, 67 L.Ed. 1062; Chitwood v. United States, 8 Cir., 178 F. 442, 443, 444; United States v. McConnell, D.C.Pa., 10 F.2d 977, 979, 980; United States v. Morse, D.C.N.Y., 24 F.2d 1001; United States v. Dockery, D.C.N.Y., 49 F.Supp. 907, 908.

[7] Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; Thomas v. Hudspeth, 10 Cir., 127 F.2d 976, 978; Yep v. United States, 10 Cir., 81 F.2d 637, 639; Long v. United States, 9 Cir., 90 F.2d 482, 484.