## PEELER v. UNITED STATES.
## BIBEE v. SAME.
### Nos. 3524, 3525.

Circuit Court of Appeals, Tenth Circuit.

Oct. 13, 1947.

824

Chester Alexander Peeler pro se.

William Ralph Bibee pro se.

Whit Y. Mauzy, U. S. Atty., of Tulsa, Okl., for appellee.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

An indictment containing two counts was returned in the United States Court for Northern Oklahoma against Chester Alexander Peeler, William Ralph Bibee, Theron Robert Jones, and Warren O. Scheesley. The first count charged a conspiracy to rob an insured state bank; and the second count charged the robbery of the bank. The defendants Peeler and Bibee were each sentenced on the second count to imprisonment for a term of 25 years, and they were placed on probation on the first count for a period of five years to commence at the expiration of the sentence imposed on the second count. After serving more than three years in the penitentiary, the defendants Peeler and Bibee each filed in the criminal case a separate motion for the correction of the sentence imposed upon him on the second count, the basis of each motion being that imprisonment for a term of 20 years was the maximum punishment authorized by law for the offense laid in the second count, and that therefore the sentence of 25 years was void. The court denied the motions, and these separate appeals were seasonably taken from that action.

The court which imposed sentence in a criminal case has jurisdiction even after the expiration of the term at which the sentence was imposed to entertain a motion to vacate such sentence on the ground that it exceeded the maximum punishment authorized by law for the offense laid in the indictment and therefore was void; and an appeal will lie from the denial of a motion of that kind. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Gilmore v. United States, 10 Cir., 124 F.2d 537, certiorari denied 316 U.S. 661, 62 S.Ct. 941, 86 L.Ed. 1738; Roscoe v. Hunter, 10 Cir., 144 F.2d 91.

Coming to the merits, the applicable statute is 12 U.S.C.A. § 588b. Subdivision (a) of the statute provides in effect, among other things, that the robbery of a bank, by force and violence, or by putting in fear, constitutes an offense for which the punishment is a fine of not more than $5,000 or imprisonment of not more than 20 years, or both; and subdivision (b) provides that where one, in committing or attempting to commit any offense defined in subsection (a), assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, he shall be fined not less than $1,000 nor more than $10,000, or imprisoned not less than 5 years nor more than 25 years, or both. Subdivision (a) creates separate offenses. But subdivision (b) does not create a further or distinct offense. It merely provides for increased punishment if the commission of any of the offenses defined in subdivision (a) is aggravated by the assaulting of a person or by putting the life of a person in jeopardy by the use of a dangerous weapon or device. Holbrook v. Hunter, 10 Cir., 149 F. 2d 230.

The second count in the indictment charged in substance that the defendants robbed the bank; that the robbery was ac--

complished with revolvers held in the hands of the defendants; that with the revolvers, the defendants threatened to shoot the president, the vice-president, and the assistant cashier of the bank, who were then and there in charge of the bank; and that thus the defendants produced in the minds of such officers and employees of the bank sufficient fear of immediate and great injury to overcome their resistance to the robbery. The facts charged in the second count constituted an assault upon the named officers of the bank, committed in connection with the robbery, within the meaning of subdivision (b) of the statute. Holbrook v. Hunter, supra. The case of Meyers v. United States, 5 Cir., 116 F.2d 601, was decisively different. There the indictment charged that by the use of a pistol the accused put an officer of the bank in fear for his life. But it did not charge that the accused held the pistol in his hand while committing the robbery of the bank. Neither did it charge that he pointed the pistol at the officer of the bank. And it did not charge that he threatened to shoot the officer with the pistol.

Since the second count charged in substance that the robbery was aggravated by an assault committed upon officers and employees of the bank, and since the sentence imposed upon each of the appellants under that count did not exceed the maximum authorized by subdivision (b) of the statute, the motions to correct the sentences were not well founded.

Affirmed.