## GEBHART v. UNITED STATES.
### No. 13577.

Circuit Court of Appeals, Eighth Circuit.
Oct. 30, 1947.

Irvin E. Schermer, of Minneapolis, Minn., (acting under appointment of this Court), for appellant.

James L. Brown, Asst. U. S. Atty., of Lincoln, Neb. (Joseph T. Votava, U. S. Atty., of Omaha, Neb., on the brief), for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order denying appellant's motion to vacate and amend the sentence entered against him by the trial court on December 26, 1936. We shall refer to the appellant as defendant.

On May 12, 1936, defendant was indicted for robbery in connection with the robbery of the First National Bank at Aurora, Nebraska on August 25, 1934. The indictment was in three counts and charged violations of Section 588b, Title 12 U.S.C.A. Count 1 charged the commission of bank robbery by putting in fear, Count 2 charged that in the commission of the same bank robbery defendant assaulted two designated persons with a pistol, while Count 3 charged that in committing the robbery defendant put the same two persons in jeopardy.

On May 15, 1936, defendant entered a plea of not guilty. Thereafter, on trial, the jury returned a verdict of guilty on each of the three counts of the indictment. On this verdict the court, on September 26, 1936, sentenced defendant to imprisonment in a penitentiary for and during the term of twenty years under the first count, twenty-five years under the second count, and twenty-five years under the third count, the sentence under the first count to run concurrently with the sentences under the second and third counts, and the sentences under the second and third counts to run concurrently with each other. On February 6, 1947, defendant filed his motion to vacate the sentence as to both the second and third counts of the indictment. The motion was overruled (United States v. Gebhart, D.C., 70 F.Supp. 824), and from the order overruling the motion this appeal is prosecuted.

At the time of the entry of this sentence it was the view of the trial court that the sentence might properly be pronounced under each of the several counts of the indictment. Since that time, however, it has been determined by controlling

authority that where the act involved in the several counts is the same, but one crime is committed and only one sentence may properly be imposed. Garrison v. Reeves, 8 Cir., 116 F.2d 978; Holiday v. United States, 8 Cir., 130 F.2d 988; Holbrook v. United States, 8 Cir., 136 F.2d 649. The propriety of proceeding by motion to correct the sentence is not questioned. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392.

█ The question for decision by the trial court was what sentence should be permitted to stand and it is the contention of defendant that the court should have eliminated the sentences on Counts 2 and 3, on the theory that the court exhausted its jurisdiction to sentence when it pronounced sentence under the first count. A similar contention was considered and held to be without merit by this court in Holiday v. United States, supra, and Holbrook v. United States, supra. No good purpose would be served by again reviewing the question. On authority of the last two cited cases the order appealed from is therefore affirmed.