**COBB v. HUNTER, Warden.**

No. 3613.

Circuit Court of Appeals, Tenth Circuit.

April 26, 1948.

Rehearing Denied June 11, 1948.

Albert T. Frantz, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U.S. Atty., of Topeka, Kan. (Randolph Carpenter, U.S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying discharge in habeas corpus proceedings.

A recapitulation of all proceedings prior to the filing of the petition for the writ is necessary to a full and complete understanding of the facts and circumstances giving rise to petitioner's contention that the judgment under which he is being detained was knowingly obtained by the use of perjured testimony.

Petitioner and Owen Kent Taylor, with other co-defendants were indicted in the United States District Court of Tennessee for violations of 12 U.S.C.A. § 588b (robbery of a federally insured bank). Taylor entered a plea of guilty and became the principal witness for the Government in the trial in which his co-defendants were convicted. A motion for new trial alleged that Taylor had admitted giving false testimony, but at the hearing on the motion he denied the allegation and affirmed his testimony. The motion was denied, and petitioner was sentenced to a term of ten years.

Thereafter, petitioner, Taylor and the other co-defendants were indicted in the United States District Court of Missouri under the same statute for robbery of a federally insured bank in that state. Taylor, as in the Tennessee case, pleaded guilty and became a government witness. Three

trials were had, two resulting in hung juries and the third in a conviction. After the conviction, Taylor testified before the Missouri court that he had perjured himself in both the Missouri and Tennessee cases. A new trial was granted and later the charge was dismissed by the government.

Petitioner then filed in the Tennessee court, a "Motion and petition to vacate judgment and commitment and obtain dismissal," based upon an affidavit by Taylor recanting his testimony given in the Tennessee court and admitting that he had perjured himself. The pleading was treated as an application for a writ of error coram nobis, and was presented to the sentencing judge. After hearing, the writ was denied and affirmed on appeal. Cobb v. United States, 6 Cir., 161 F.2d 814.

In affirming the judgment the appellate court took the view that the trial court had the right and duty to consider Taylor's recantation in the "light of the whole series of events and circumstances disclosed in the record," and to consider whether in executing his repudiating affidavits he was motivated by a desire to tell the truth and clear his conscience or by some other reason or purpose. Thus, the appellate court was of the opinion that the trial court did not abuse its discretion in denying the writ.

 In this habeas corpus proceedings, the petitioner is put to the burden of not only proving that Taylor's testimony was false but that it was knowingly and intentionally used by the prosecuting authorities in bringing about the conviction. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Hysler v. Florida, 315 U.S. 411, 62 S.Ct. 688, 86 L.Ed. 932; Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; Casebeer v. Hudspeth, 10 Cir., 121 F.2d 914; Wagner v. Hunter, 10 Cir., 161 F.2d 601. Cf. Hodge v. Huff, 78 U.S.App.D.C. 329, 140 F.2d 686. There is no evidence whatsoever tending to show that the prosecuting authorities in this case 

knowingly used false testimony to bring about the conviction, and we should be content to affirm the judgment of the trial court on this ground alone. The trial court, however, apparently based its decision upon the additional ground that Taylor's recantation having been considered by the sentencing court, and that court having chosen to believe his original testimony in the light of the recantation, it would give weight and credence to the sentencing court's appraisal of the facts in this habeas corpus proceedings.

 It is not the office of a writ of habeas corpus to relitigate matters which have been directly presented and decided in a former proceedings, Garrison v. Hunter, 10 Cir., 149 F.2d 844; Holbrook v. Hunter, 10 Cir., 149 F.2d 230; Baker v. Hunter, 10 Cir., 142 F.2d 615, and even though the judgment in the coram nobis proceedings may not be strictly conclusive of the contentions made here, see Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302, the pronouncements there are certainly entitled to great weight and credence when considered in a collateral attack upon a judgment examined and affirmed in those proceedings.

While recognizing the sentencing court as the first and best judge of the verity of the challenged testimony in the light of the recantation, the trial court, in this habeas corpus proceedings, conducted an independent examination for purposes of due process, and declined to overturn the sentencing court's factual determination. We agree with the conclusions of the trial court.

 It is also argued that since the jury convicted petitioner on the testimony subsequently repudiated, it is the exclusive province of the jury to determine the verity of the original testimony in the light of the recantation. But that would necessarily mean a new trial for every recantation and due process does not require it.

The judgment is affirmed.