## LARSON v. UNITED STATES.

### No. 10683.

United States Court of Appeals
Sixth Circuit.

Feb. 1, 1949.

George Fabian Larson, in pro. per.

Frank Norris, of Detroit, Mich. (Thomas P. Thornton and Frank Norris, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

PER CURIAM.

The appellant having been sentenced accumulatively upon a plea of guilty for violation of subsections (a) and (b) of the Bank Robbery Statute, Title 12, U.S.C.A. § 588b [now 18 U.S.C.A. § 2113], petitioned the district court for correction of the sentence on the ground that the two subsections described but a single offense. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392. The court thereupon vacated the sentence of 15 years imposed under count 1 of the indictment, and denied a motion to vacate the sentence imposed under count 2 on the ground that the offense defined by subsection (a) is merged in the more aggravated offense described in subsection (b).

■ The appellant submits two reasons for reversing the judgment. The first is that count 2 does not state an offense in that it recites an assault, but does not state that the assault was accompanied by the use of a dangerous weapon. The contention is without merit. The elements of the statutory offense are recited in the alternative and the offense is complete if there has been an assault. Gant v. United States, 5 Cir., 161 F.2d 793.

■ The second ground is that the appellant, having been sentenced upon the first count of the indictment, the power of the court to impose sentence has been exhausted and no further sentence may be imposed. This is likewise without merit. Holbrook v. United States, 8 Cir., 136 F. 2d 649; Holiday v. Johnston, supra; United States v. Gebhart, D.C. 70, F.Supp. 824, 826. Count 2 is a valid count and the sentence thereunder is within the statute. The observation of the district judge in the Gebhart case, supra, is pertinent. "The act of imposing sentence upon the verdict was single and no fortuitous result may follow from the order in which the several counts appear in the indictment". The decision was affirmed in Gebhart v. United States, 8 Cir., 163 F.2d 962.

Judgment affirmed.