### GEBHART v. HUNTER, Warden.
### No. 1413 H. C.

United States District Court
D. Kansas.

March 16, 1950.

Homer Davis, of Leavenworth, Kan., for the petitioner.

Eugene W. Davis, Assistant United States Attorney, and Malcolm Miller, Assistant United States Attorney, of Topeka, Kan., for the respondent.

MELLOTT, Chief Judge.

Comparatively narrow, but nonetheless difficult, questions are presented in this habeas corpus proceeding. No factual controversy exists.

Petitioner, an inmate of the United States Penitentiary at Leavenworth, has now served a 20 year sentence, less credit for statutory and industrial good time. Most of the basic facts with reference to his incarceration are shown in United States v. Gebhart, D.C., 70 F.Supp. 824. The first and second counts of the indictment under which he was tried and convicted, however, are shown in the margin.[1]

1. "Count I. That Marvin Gebhart, alias M. A. Gibhart, alias J. C. McDonald, heretofore, to-wit, on or about the 25th day of August, 1934, at Aurora, in Hamilton County, in the Lincoln Division of the District of Nebraska, Circuit aforesaid, and within the jurisdiction of this court, then and there being, did, with a pistol which he, the said Marvin Gebhart, alias M. A. Gibhart, alias J. C. McDonald, then and there held, then and there put in fear the said Frank M. Farr and the said Mayme Erickson, and did thereby and then and there unlawfully, knowingly, wilfully and feloniously take from the presence of said persons so put in fear, namely, the said Frank M. Farr and the said Mayme Erickson, Fifteen Hundred Thirty-five Dollars and Forty Cents ($1535.40), in money belonging to The First National Bank in Aurora, Aurora, Nebraska, a banking institution organized and operating under the Laws of the United States of America, said money being in currency and coin, a more particular description of which is to the grand jurors aforesaid, unknown; contrary to the form of statute in such case made and provided, and against the peace and dignity of the said United States of America.

"Count II. And the grand jurors aforesaid, upon their oaths aforesaid, do further present and say that the said Marvin Gebhart, alias M. A. Gibhart, alias J. C. McDonald, heretofore, to-wit, on or about the 25th day of August, 1934, at Aurora, in Hamilton County, in the Lincoln Divi-

The several questions will be discussed briefly as they are stated; but first an attempt will be made to outline the contention made by petitioner. Succinctly stated it is, that the first count of the indictment, under which he was sentenced to 20 years imprisonment, contained all of the ingredients of subdivisions (a) and (b) of Title 12 U.S.C.A. § 588b;[2] that complete expiration for the aggravated crime under subdivision (b) of the statute has, therefore, been made; and that, regardless of the interpretation by the sentencing court of the sentences imposed upon him, fully affirmed by the Court of Appeals,[3] his present confinement in the penitentiary under the 25 year sentence, imposed under count two of the indictment to run concurrently with the 20 year sentence under count one, is illegal.

In the posture in which this case is presented petitioner, in effect, says: "There is a contrariety of views between the Courts of Appeal for the Eighth and the Tenth Circuits. The former holds—adopting the postulate that where the act involved in the several counts of an indictment under § 588b is the same, a single crime is committed for which only a single sentence may be imposed—'that the longer or longest of the two or more sentences otherwise validly pronounced is the one which is to be sustained as effective;'[4] the latter holds that where count one of an indictment charges commission of the offense under § 588b by pointing 'shotguns and revolvers at the officers,

agents, and employees of the bank and brandish[ing] such weapons before them in a menacing manner, [it charges] that petitioner * * * in committing the offense defined in subsection (a) by the use of a dangerous weapon, assaulted such persons. It follows that, on petitioner's plea of guilty to count one, he was lawfully sentenced under the provisions of subsection (b). Therefore, the most that can be said is that when the court imposed the sentence of 20 years on count one, it exhausted its power to sentence, and the sentence [of five years] on count two [which petitioner contended was the only legal sentence] was void.'"[5]

But what has been said is introductory to, rather than decisive of, the questions before the court. In the pleadings and in the argument at the hearing learned counsel for both parties adopted a postulate which the court then was, and is now, loath to accept—i. e. that there has been compliance with § 2255 of Title 28 U.S. C.A. Counsel for petitioner asserted: "This man has been before two courts, the sentencing court and the appellate court. He should not be required to do a useless thing. Those courts have denied him relief and the remedy by motion is inadequate and ineffective to test the legality of his detention. Therefore, he is entitled to do so by habeas corpus." Counsel for respondent contended, as alleged in his return, that petitioner had "applied for relief to the court which sentenced him, by motion adequate and effective to test

---

sion of the District of Nebraska, Circuit aforesaid, and within the jurisdiction of this court, then and there being, did then and there commit the offense charged in the First Count of this Indictment, and in committing and attempting to commit said offense charged in the First Count of this Indictment, did unlawfully, wilfully, knowingly and feloniously make an assault by the use of a dangerous weapon, to-wit, a pistol, upon certain persons, namely, Frank M. Farr and Mayme Erickson, by then and there pointing said pistol at the said Frank M. Farr and the said Mayme Erickson; contrary to the form of statute in such case made and provided, and against the peace and dignity of the said United States of America.

2. 48 Stat. 783, § 2, Ch. 304 [1948 Revised Criminal Code, 18 U.S.C.A. § 2113].

3. Gebhart v. United States, 8 Cir., 163 F. 2d 962.

4. The sub-quotation is from United States v. Gebhart, D.C., 70 F.Supp. loc. cit. 825. Cf. Gebhart v. United States, foot-note 3; Hewitt v. United States, 8 Cir., 110 F.2d 1; Garrison v. Reeves, 8 Cir., 116 F.2d 978; and Holbrook v. United States, 8 Cir., 136 F.2d 649.

5. The sub-quotation, exclusive of bracketted portions, is from Holbrook v. Hunter, 10 Cir., 149 F.2d 230, 231. Cf. Peeler v. United States, 10 Cir., 163 F.2d 823.

the legality of his detention;" that the court "denied him relief, the ruling thereon being approved by the * * * Court of Appeals;" and that "such determination and ruling is res judicata." It is perfectly obvious, however, that no attempt has been made to comply with § 2255. The motion in the sentencing court was ruled upon March 19, 1947, approximately 18 months before § 2255 became effective and more than a year before the act, of which it is a part, was enacted.

At the hearing this court expressed doubt as to the soundness of the major premise adopted by the parties, such doubt arising not only from the language of § 2255 but from the opinions by the Court of Appeals for this (the Tenth) Circuit in the recent cases shown in the margin.[6] The doubt has not been dispelled, but rather increased, by a more recent decision by that court, viz., Barrett & Rutledge v. Hunter, Warden, 10 Cir., 1950, 180 F.2d 510. Therein it was held that § 2255 affords a prisoner a remedy which is the equivalent to that afforded in a conventional habeas corpus proceeding; that the section is not unconstitutional; that limiting the "right to the remedy to the sentencing court," except as provided in the section, is "not a suspension of the writ [of habeas corpus];" that the section, as construed by the court, "preserves the essentials of the remedy afforded by the great writ of freedom, effecting change in procedure only and lessening opportunities 'for abuse of the writ"; and that it should be followed by a court such as this.

But the holding in that case did not relieve this court of its obligation to consider and pass upon "applications for a writ predicated on facts arising after the imposition of sentence, such as, for example, where the sentence has been fully served and the prisoner is unlawfully detained in custody."[7] That, in essence, is this petitioner's contention. Should this court, therefore, attempt to say which of the two sentences is the valid one and thereby arrogate to itself a prerogative it does not have, of resolving a conflict between Courts of Appeal? Manifestly not. What, then, should be done?

In Cobb v. Hunter[8] it was said: "It is not the office of a writ of habeas corpus to relitigate matters which have been directly presented and decided in a former proceedings (citing cases), and even though the judgment in the coram nobis proceedings may not be strictly conclusive * * * the pronouncements there are certainly entitled to great weight and credence when considered in a collateral attack upon a judgment examined and affirmed in those proceedings." In Holiday v. United States,[9] it was pointed out the Supreme Court had ruled;[10] "that, even if Holiday was right in his contention that only the sentence imposed under the first count was valid, not having served that sentence, his remedy was not habeas corpus but was 'to apply for vacation of the sentence and a resentence in conformity to the statute under which he was adjudged guilty.'" In the Barrett and Rutledge case, supra, it was pointed out that the provision in § 2255 with reference to a second or successive motion for similar relief on behalf of the same petitioner "was intended to provide that a second or successive motion should be disposed of in the exercise of sound judicial discretion, guided and controlled by a consideration of whatever has a rational bearing on the propriety of the relief sought * * *."

This court is, of course, deeply conscious of the difference between this case and the Holiday case, indicated by the statement in the quotation shown above—"not having served that sentence [under the first count]"—; but it is persuaded the better practice, nevertheless, is for a petitioner,

6. Cherrie v. United States, 10 Cir., 179 F.2d 94; Yelvington v. United States, 10 Cir., 178 F.2d 915; and Pulliam v. United States, 10 Cir., 178 F.2d 777.

7. The quotation is from a paragraph near the end of the opinion, being on p. 10 of the temporary print.

8. 10 Cir., 167 F.2d 888, 889.

9. 8 Cir., 130 F.2d 988, 989.

10. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392.

situated as is the one now at the bar of the court, to avail himself of the remedy provided by § 2255, the sentencing court having the power—probably in excess of that possessed by this court—to "vacate and set the judgment aside"; to "discharge the prisoner"; to "resentence him;" to "grant a new trial;" or to "correct the sentence as may appear appropriate."

For the reasons indicated, the court holds that the present petition should be dismissed, the writ should be discharged and petitioner should be remanded to the custody of the respondent warden. Order so providing will be prepared by counsel for the respondent.