## UNITED STATES v. GEBHART.
### Cr. No. 1799.

United States District Court
D. Nebraska, Lincoln Division.
May 18, 1950.

James L. Brown, Assistant United States Attorney, of Lincoln, Nebraska, for the plaintiff.

Marvin Gebhart, pro se.

DELEHANT, District Judge.

On February 6, 1947 the defendant filed in this action a motion for the vacation of the sentences under counts two and three of the indictment, imposed upon him by the court, speaking through the late Judge Thomas C. Munger on December 26, 1936, on the ground that the sentence then pronounced under count one of the indictment was valid and binding and those pronounced under the other two counts were necessarily void for all purposes. On March 19, 1947, this court denied the motion and filed a memorandum opinion explanatory of its ruling. United States v. Gebhart, D.C.Neb., 70 F.Supp. 824. Appeal from that order was seasonably prosecuted, and on October 30, 1947 the denial of relief was affirmed by the Court of Appeals, Eighth Circuit, Gebhart v. United States, 163 F.2d 962. Reference is now made to those reported opinions for the history of the defendant's prosecution and imprisonment until, and prior to, the ruling of the court of appeals. The general restatement or amplification of that history is unnecessary and, with the exception of a somewhat minute examination of the first count in the indictment of the defendant, will not be undertaken. Attention to the defendant's case will be carried forward from October 30, 1947.

Shortly after that time, but as of a date not clearly disclosed or presently material, the defendant, contending that he had completed the service of a sentence of twenty years, less allowances appropriate in his case, sought his release from the United States penitentiary at Leavenworth, Kansas, through a writ of habeas corpus, in the United States District Court for the District of Kansas. A hearing was had over which the chief judge of that court presided, in the course of which it was contended by the government that the defendant's application for a writ of habeas corpus was untimely because he had not, subsequent to September 1, 1948 applied to this court for the relief provided by the modified code of civil procedure under Title 28 U.S.C.A. § 2255. Although the defendant insisted that his recourse to this court in 1947 substantially satisfied the requirements of that section, the court for the District of Kansas prudently and becomingly declined to proceed and suggested that the defendant explicitly seek relief here under Section 2255. Gebhart v. Hunter, D.C.Kan., 89 F. Supp. 336.

Accordingly, on February 17, 1950 he tendered here, under Title 28 U.S.C.A. § 2255, a Motion to Correct Judgment in which he again prayed for the vacation and cancellation of the sentences pronounced against him under counts two and three of the indictment. With his motion he submitted a supporting brief. Later an answer brief in behalf of the government and a reply brief for the defendant were delivered to the writer hereof. Ruling is now made upon his motion under Section 2255.

The government's brief reminds the court of the defendant's motion made and ruled on in 1947, in which the issues now tendered were presented. All such issues were actually involved and considered by this court in its ruling upon the earlier motion. They were especially and vigorously emphasized in the government's brief before the court of appeals, a portion of

which is recalled by counsel for the government on this occasion. Saying which, this court recognizes, however, that the defendant in support of the motion now before the court urges, much more clearly and emphatically than he did on the former occasion when he was here, the asserted impact of Chief Judge Phillips' opinion in Holbrook v. Hunter, 10 Cir., 149 F.2d 230, 231, 232 upon the present case, and the supposed parity between the indictments in the Holbrook and Gebhart cases. The government is not understood seriously to contend now—although it does suggest the point—that the 1947 rulings bar this court from considering on its merits, and acting upon, the instant motion uncontrolled by the course taken in 1947. Resolving all procedural doubts in the defendant's favor, this court considers his present motion, made under Title 28 U.S.C.A. § 2255 which became effective on September 1, 1948, to be within the defendant's right, notwithstanding his quest of essentially identical relief under the general powers of the court before the specific procedure now resorted to had been defined by legislative act. Of course, insofar as still unimpaired legal principles controlled and compelled the ruling upon the 1947 motion, they are operative equally and with like consequence on this occasion.

So, in passing upon the present motion the court first adverts to, and by reference reiterates, its discussion in United States v. Gebhart, supra. See especially pages 825 and 826 of 70 F.Supp. That discussion is no less pertinent to the merits of the present motion made under Title 28 U.S.C.A. § 2255 than it was to the ruling upon the motion which evoked it. Reference to and incorporation of the opinion of the Court of Appeals, Eighth Circuit in Gebhart v. United States are likewise made. The provisions of Section 2255 do not enlarge or alter the grounds for the modification or vacation of sentences in cases of the present character. The same considerations which prompted the deliverances cited in this court's earlier memorandum opinion, and in the affirming opinion of the Court of Appeals, as well as the rulings therein announced, are presently convincing.

But one aspect of the pending motion and the argument made by the defendant in its support prompts the following enlargement of the former discussion. The defendant urges with special emphasis that the concluding paragraph of Judge Phillips' opinion in Holbrook v. Hunter, 10 Cir., 149 F.2d 230, 231, 232[1] should be considered persuasively to require the allowance of his motion. In its context, the language of that paragraph, whether its final sentence is precisely accurate or not, invites and warrants no criticism. But its context is readily and inevitably distinguishable from the setting of Gebhart's motion. Holbrook's plight had already been adjudicated by the Circuit Court of Appeals, Eighth Circuit, Holbrook v. United States, 136 F.2d 649,[2] and, pursuant to mandate, by the sen-

---

[1]. That paragraph is in this language:
"Moreover, subsection (b) provides that 'Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) * * * *assaults any person*, * * * by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both.' (Italics ours.) It will be observed that count one charged that petitioner and his codefendant in committing the offense defined in subsection (a) pointed shotguns and revolvers at the officers, agents, and employees of the bank and brandished such weapons before them in a menacing manner. Therefore, count one charged that petitioner and his codefendant in committing the offense defined in subsection (a) by the use of a dangerous weapon, assaulted such persons. It follows that, on petitioner's plea of guilty to count one, he was lawfully sentenced under the provisions of subsection (b). Therefore, the most that can be said is that when the court imposed the sentence of 20 years on count one, it exhausted its power to sentence, and the sentence on count two was void."

[2]. One of the circuit judges of the eighth circuit dissented from the cited ruling on a ground not presently involved. However, he concurred in the ruling in Gebhart v. United States, 8 Cir., 163 F. 2d 962.

tencing court. In Holbrook v. Hunter, supra, the Circuit Court of Appeals, Tenth Circuit, regarded that earlier disposition as res judicata in the habeas corpus proceeding being decided by it. The cited and quoted paragraph from the tenth circuit court's opinion, as its opening word suggests, was offered by way of independent and additional support of a judgment already announced on other and sufficient grounds.

Then, the manner of sentencing and the structure of the indictment in the Holbrook case emphasize its difference from the instant prosecution. Holbrook had recieved sentences to consecutive terms of imprisonment of twenty years and five years under the first and second counts respectively of his two count indictment. Therefore, the sentence confronted him with two punishments, two successive servitudes, for an unlawful action which, in the interval between the imposition of sentence upon him and his resort to the courts for its correction, had been determined to justify only a single sentence, or more strictly, a single servitude or period of imprisonment. By the logic of the then recent decisions, one of those terms had necessarily to be nullified. And the circuit courts of appeals for both the eighth and the tenth circuits held that it should be the shorter term imposed under the second count, leaving in effect the longer and indubitably valid sentence under the first count.

█ That case did not involve a sentence to serve concurrent terms of varying lengths under different counts, with the shorter term prescribed for the initial count. The cited language of Judge Phillips did not declare that in a situation of the instant sort the longer—but statutorily allowable—term would be stricken down because a shorter term had been prescribed

under a count, broad enough in its terms to charge the more serious or aggravated offenses defined by the statute, which appeared earlier in the indictment. This court is unwilling to suppose that he, or the court of appeals for the tenth circuit, would thus unrealistically appraise the act of a trial court in imposing sentence at a single session upon a multiple count indictment. Such a sentence is a single judicial act, not a succession of separate judgments. See discussion in United States v. Holiday, D. C.N.D., 44 F.Supp. 747, and Holiday v. United States, 8 Cir., 130 F.2d 988, certiorari denied 317 U.S. 691, 63 S.Ct. 265, 87 L.Ed. 553. But if the inference thus advanced respecting the probable attitude of the tenth circuit in the present circumstances be mistaken, it clearly reflects the declared position of the eighth circuit, which this court must follow.

And, even more to the point, the indictments in the Holbrook and Gebhart cases, especially their respective first counts, are essentially distinguishable in the matter to which Judge Phillips' language was so obviously directed. Holbrook was indicted in two counts under Title 12 U.S.C.A. § 588b [1948 Revised Criminal Code, 18 U. S.C.A. § 2113]. So far as they are material here, the first two subdivisions of the cited section of the statute are set out in a footnote.[3] The two subdivisions deal with the offense of bank robbery in supposedly different degrees of seriousness.[4] By subsection (a) the congress defined several aspects of bank robbery or its attempt accomplished *alternatively* "by force and violence, *or* by putting in fear". By subsection (b) definition of, and punishment for, those same aspects of bank robbery or its attempt were provided in instances when the circumstances of the offense are ag-

3. "(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank; * * * shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; * * *.

"(b) Whoever, in committing, or in at-

tempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

4. Whether, in reality, there is any disparity in seriousness is a legislative question.

gravated in either of two ways, namely when, "by the use of a dangerous weapon or device," the offender either, (1) "assaults any person", or (2) "puts in jeopardy the life of any person". So, under subsection (a) any act of taking or attempting to take could be charged to have been accomplished either "by force and violence" or "by putting in fear". And within subsection (b) the defendant could be charged with assaulting a person or putting in jeopardy the life of a person by the use of a dangerous weapon or device, in the taking or attempting to take contemplated in subsection (a). Under subsection (b) two distinct counts charging bank robbery could be set out, one involving the robber's making of an assault with a dangerous weapon or device, the other his putting in jeopardy the life of a person with a like instrument, in the course of his principal unlawful undertaking.

■ Now, under the first count of the Holbrook indictment, the defendant was charged with bank robbery by "force and violence *and* by putting in fear" sundry designated persons; and it was further alleged that the means through which the defendant acted were shotguns and revolvers which the defendant pointed at the designated persons. But pointing a revolver or shotgun at a person in the process of putting him in fear or in the exercise towards him of force and violence is an assault; and an indictment charging such acts necessarily charges an assault in the commission of the robbery. In the Hol-

brook opinion, Judge Phillips so recognized and argued. (See footnote 1) Thus, the first count in that case, whether purposefully or not, charged bank robbery with the aggravated element of assaulting a person within subsection (b) of Title 12 U.S. C.A. § 588b. And the second count in that indictment charged no more serious or aggravated offense. It merely restated the facts of the earlier count and charged that the defendant by the acts in question put the lives of the designated persons in jeopardy. Under such an indictment, a sentence of twenty-five years might have been imposed upon either count, although only a single term of imprisonment could be exacted for the single crime. But when the prescription of twenty years was made under the first count, the court was powerless to add a further even though shorter sentence under the second count, to be served after the service of the twenty year term. A sentence for the full term of twenty-five years might have been imposed under either count, but not two separate and consecutive sentences, whatever their several durations, and two or more consecutive terms could not be saved by the fact that the sum of their periods equaled, but did not exceed, the maximum sentence permissible for the aggravated offense, which each count adequately charged.

■ No comparable inexactness or "scattering" characterizes the indictment of Gebhart, the essential language of the several counts of which is set out in a footnote.[5] From the quoted phraseology

5.        Count I
   "That Marvin Gebhart....did, with a pistol which he, the said Marvin Gebhart ....then and there held, then and there put in fear the said Frank M. Farr and the said Mayme Erickson, and did thereby and then and there unlawfully, knowingly, wilfully and feloniously take from the presence of said persons so put in fear, namely, the said Frank M. Farr and the said Mayme Erickson, Fifteen Hundred Thirty-five Dollars and Forty Cents ($1535.40), in money belonging to The First National Bank in Aurora,......
        Count II
   "......that......Marvin Gebhart.... did then and there commit the offense

charged in the First Count of this Indictment, and in committing and attempting to commit said offense charged in the First Count of this Indictment, did unlawfully, wilfully, knowingly and feloniously make an assault by the use of a dangerous weapon, to-wit, a pistol, upon certain persons, namely, Frank M. Farr and Mayme Erickson, by then and there pointing said pistol at the said Frank M. Farr and the said Mayme Erickson;
   ......
        Count III
   "......that......Marvin Gebhart,.... then and there did commit the offense charged in the First Count of this Indictment, and in committing and attempt-

of the first count it is immediately apparent that it carefully limits its averment of the means used by Gebhart in the robbery to "putting in fear". It makes no averment of the use of force or violence and carefully avoids any allegation which might constitute the specification of an assault or the putting of life in jeopardy. Even its reference to the instrument whereby the persons were put in fear is cautiously guarded and is limited to the words, "with a pistol * * * which he then and there held". No pointing or brandishing is alleged, nor is any threatening word or gesture asserted. The mere holding [6] of a pistol is not an assault upon those persons who observe it. The second count, with equal care, alleges the assault of the designated persons in the commission of the crime, by the use of a dangerous weapon, to-wit a pistol by then and there pointing it at the persons named. And the third count charges the putting in jeopardy of the lives of the same persons, and by the same use of the same instrument.

The distinction just explained between the Holbrook and Gebhart indictments is emphasized and fortified by the opinion in Peeler v. United States, 10 Cir., 163 F.2d 823, 824, written by Judge Bratton but concurred in by Judge Phillips, the author of the opinion in Holbrook v. Hunter, supra. To a contention that the second count of the indictment then before the court was brought under subsection (a), rather than subsection (b), of Title 12 U.S.C.A. § 588b, the writer of the Peeler opinion answered: "The second count in the indictment charged in substance that the defendants robbed the bank; that the robbery was accomplished with revolvers held in the hands of the defendants; that

with the revolvers, the defendants threatened to shoot the president, the vice-president, and the assistant cashier of the bank, who were then and there in charge of the bank; and that thus the defendants produced in the minds of such officers and employees of the bank sufficient fear of immediate and great injury to overcome their resistance to the robbery. The facts charged in the second count constituted an assault upon the named officers of the bank, committed in connection with the robbery, within the meaning of subdivision (b) of the statute. Holbrook v. Hunter, supra. The case of Meyers v. United States, 5 Cir., 116 F.2d 601, was decisively different. There the indictment charged that by the use of a pistol the accused put an officer of the bank in fear for his life. But it did not charge that the accused held the pistol in his hand while committing the robbery of the bank. Neither did it charge that he pointed the pistol at the officer of the bank. And it did not charge that he threatened to shoot the officer with the pistol."

It must be completely obvious that the first count of Gebhart's indictment is essentially comparable to that examined in Meyers v. United States, 5 Cir., 116 F.2d 601, cited and discussed in the Peeler opinion and in no wise similar to the first count of Holbrook indictment or to the second count of the Peeler indictment.

This court, therefore, is persuaded that, unlike Count I of the Holbrook indictment or Count II of that brought against Peeler, the first count of the Gebhart indictment, within Title 12 U.S.C.A. § 588b, charged the less serious offense defined in subsection (a), and each of the second and third counts charged a sep-

---

ing to commit said offense charged in the First Count of this Indictment, did unlawfully, wilfully, knowingly and feloniously put in jeopardy the lives of Frank M. Farr and of Mayme Erickson, by the use of a dangerous weapon, to-wit, a pistol, which said pistol, he, the said Marvin Gebhart,......then and there had and held and pointed at the said Frank M. Farr and at the said Mayme Erickson;......"

6. In this ruling the court assumes that the holding was manual. However, it will be observed that Count I does not contain any express averment to that effect. Nor is it an imperative conclusion from the employment of the words, "then and there held". Prehensility among human beings is not achievable exclusively through the use of the hand, but may be accomplished by other bodily members, either alone or in combination.

arate aggravation of the offense within the contemplation of subsection (b).

■ Accordingly, there is no room or occasion here for the application of the reasoning of Judge Phillips contained in the final paragraph of his Holbrook opinion which was bottomed on the premise that the sentence upon the first count of the indictment then considered was for the offense as aggravated. Under the present Count I, Judge Munger did not sentence Gebhart for the offense of aggravated bank robbery within Title 12 U.S.C.A. § 588b(b). For that offense he was subject to sentence under Counts II and III wherein alone it was charged against him. And, although only one term of imprisonment is to be served under the challenged sentence, that term is the longer one, itself allowable in length under the applicable statute. See again the discussion in United States v. Gebhart, D.C.Neb., 70 F.Supp. 824 and Gebhart v. United States, 8 Cir., 163 F.2d 962. In the present situation as in Gebhart's former motion for like relief, this court finds appropriate occasion for the application of the reasoning of Judges Vogel in United States v. Holiday, supra, Sanborn in Holiday v. United States, supra, and Johnsen in Holbrook v. United States, supra.

Careful attention has been given to the suggestion that, since the ruling in Holbrook v. Hunter, supra, four instances have occurred in which, prompted by the final paragraph of that opinion, trial judges, confronted by motions of the present nature, have sustained twenty year sentences under the first count, and vacated twenty-five year sentences under subsequent counts in indictments drawn within Title 12 U.S. C.A. § 588b. Of those cases only one, United States v. Sims, D.C.Mo., 72 F. Supp. 631, seems to be reported. And it is not an opinion at all. It is merely the published copy of a judgment or order made by Judge Reeves in an action pending before him. Whether the motion of Sims was resisted does not appear; and the order contains recitals which may be understood to suggest a negative answer to that query. Two others of the mentioned rulings are said to have been made by Judge Collet in 1946—also the year of Judge Reeves' ruling in the Sims case. The circumstances of their making do not appear. In any event, all of them antedate, and are rendered uninstructive by the opinion of the Court of Appeals in Gebhart v. United States. The other case, also unreported so far as has been ascertainable, is said to have arisen in Oklahoma. Neither any one nor all of those rulings may be regarded as authoritative or persuasive in the court's present inquiry.

The view now advanced finds additional support in certain opinions not cited in the earlier rulings in the present case either because they had not then been fully published or because they are entirely of more recent date. Among them may be mentioned Larson v. United States, 6 Cir., 172 F.2d 386, which cites and follows the earlier opinions in this case; Gant v. United States, 5 Cir., 161 F.2d 793; United States v. Vasilick, D.C.Pa., 68 F.Supp. 725, see also same title, 74 F.Supp. 668, on further submission after being remanded, 160 F.2d 631, for disqualification of the judge in making the earlier ruling; and Stevenson v. Johnston, D.C.Cal., 72 F.Supp. 627, affirmed, 9 Cir., 163 F.2d 750, certiorari denied 333 U.S. 832, 68 S.Ct. 459, 92 L.Ed. 1117, rehearing denied 333 U.S. 850, 68 S.Ct. 658, 92 L.Ed. 1132. All of those opinions deal with prosecutions under Title 12 U.S.C.A. § 588b. Ekberg v. United States, 1 Cir., 167 F.2d 380 applies the principles adhered to on this occasion in connection with a prosecution under Title 18 U.S.C.A. § 76 [1948 Revised Criminal Code, 18 U.S.C.A. § 912].

The court, therefore, necessarily concludes that the motion of the defendant is not well taken. An order is being made and given denying and overruling it.