## GEBHART v. HUNTER.

### No. 4091.

United States Court of Appeals
Tenth Circuit.

Oct. 25, 1950.

Marvin Gebhart, pro se.

Lester Luther, U. S. Atty., Eugene W. Davis, Asst. U. S. Atty., and Malcolm Miller, Asst. U. S. Atty., all of Topeka, Kan., for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order dismissing an application for a writ of habeas corpus.

An indictment containing three counts was returned against Gebhart in the United States District Court for the District of Nebraska, Lincoln Division. The first count charged that Gebhart, on August 25, 1934, in such Lincoln Division, with a pistol which he held, put in fear Frank M. Farr and Mayme Erickson, and thereby took from them $1535.40 in money belong-

ing to the First National Bank in Aurora, Aurora, Nebraska, a banking institution organized under the laws of the United States. The second count charged that Gebhart at the same time and place, in committing the offense charged in count one, did make an assault by the use of a dangerous weapon, to wit, a pistol, upon Farr and Erickson, by then and there pointing such pistol at Farr and Erickson. Count three charged that Gebhart at the same time and place in committing the offense charged in count one, did put in jeopardy the lives of Farr and Erickson by the use of a dangerous weapon, to wit, a pistol, which pistol Gebhart pointed at Farr and Erickson.

Count one charged a violation of 12 U.S.C.A. § 588b(a), and counts two and three charged violations of 12 U.S.C.A. § 588b(b).[1]

Gebhart was found guilty on each of the three counts by a verdict of a jury, and was sentenced to a term of 20 years on count one, 25 years on count two and 25 years on count three, the sentence on the first count to run concurrently with the sentences on the second and third counts, and the sentences on the second and third counts to run concurrently with each other.

Prior to the effective date of 28 U.S. C.A. § 2255, September 1, 1948, and in February, 1947, Gebhart filed in the sentencing court a motion to vacate the judgment and sentence on the second and third counts on the ground that when the sentencing court imposed its sentence on count one it exhausted its power to sentence and therefore the sentences on counts two and three were void. On March 19, 1947, the sentencing court entered an order denying the motion.[2] On appeal that order was affirmed.[3] The sentencing court and the Court of Appeals, Eighth Circuit, followed the former decisions of the latter court in Holbrook v. United States, 8 Cir., 136 F.2d 649, and Holiday v. United States, 8 Cir., 130 F.2d 988.

In the instant case the trial court denied the motion primarily on the ground that Gebhart had not sought the remedy provided by 28 U.S.C.A. § 2255.[4]

The grounds set up in the motion in the instant case were identical with the grounds set up for the motion filed in the Eighth Circuit in February, 1947. Since the precise issue here raised was adjudicated by the order of the sentencing court, affirmed by the Court of Appeals, Eighth Circuit, Gebhart is barred from relitigating it in this court, under the doctrine of res judicata.[5]

Moreover, we agree with the decision of the Eighth Circuit, that since counts two and three charged facts warranting the imposition of the greater punishment provided for by 12 U.S.C.A. § 588b(b) and Gebhart was found guilty on those counts, the concurrent sentences imposed on counts two and three, although longer than the sentence imposed on count one, were valid.[6] This court's observation in the closing sentence of the opinion in Holbrook v. Hunter, 10 Cir., 149 F.2d 230, has no application in the instant case. There, each of the two counts of the indictment charged facts bringing the offense within 12 U.S.C.A. § 588b(b), and both sentences were imposed under that section.

1. 1948 Revised Criminal Code, 18 U.S. C.A. § 2113.

2. United States v. Gebhart, D.C., 70 F. Supp. 824.

3. Gebhart v. United States, 8 Cir., 163 F. 2d 962.

4. After the decision by the court below in the instant case, Gebhart filed a motion in the sentencing court under § 2255, supra, seeking an order vacating the sentences imposed on counts two and three. That motion was denied. See United States v. Gebhart, D.C., 90 F.Supp. 509.

5. Holbrook v. Hunter, 10 Cir., 149 F.2d 230, 231; Fowler v. Hunter, 10 Cir., 164 F 2d 668, 669; Garrison v. Hunter, 10 Cir., 149 F.2d 844, 845; Strewl v. Sanford, Warden, 5 Cir., 151 F.2d 648; Goldsmith v. Sanford, Warden, 5 Cir., 132 F.2d 126, 127; Spaulding v. Sanford et al., 5 Cir., 142 F.2d 444; Orencia v. Overholser, 82 U.S.App.D.C. 285, 163 F. 2d 763, 765.

6. Ward v. United States, 10 Cir., 183 F. 2d 270, 272.

Here, the sentence on count one was imposed under 12 U.S.C.A. § 588b(a) and the sentences on counts two and three were imposed under 12 U.S.C.A. § 588b(b).

Affirmed.