## DUBOICE v. UNITED STATES.
### No. 14456.

United States Court of Appeals,
Eighth Circuit.
April 1, 1952.

Ray L. Duboice, filed brief for appellant, pro se.

Joseph T. Votava, U. S. Atty., and John E. Deming and Edward J. Tangney, Asst. U. S. Atty., Omaha, Neb., filed brief for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

PER CURIAM.

On June 27, 1937, appellant Ray L. Duboice was found guilty by a jury upon nine counts of an indictment filed against him. Count One of the indictment charged him and others with having committed the crime of robbery of the Scottsbluff National Bank in Nebraska "by force and violence, and by putting the said officers and employees of said bank in fear". Count Two charged that in the commission of the same offense of robbery the appellant and others "did put in jeopardy the lives" of certain persons. Counts Three to Nine, inclusive, charged that appellant and others, in an attempt to avoid apprehension for the commission of the same robbery, did force certain persons to accompany them, against the will of the said persons, from the Bank to the outskirts of Scottsbluff, Nebraska. Count One constituted an offense against Section 588b(a), Title 12, U.S.C.A., now 18 U.S.C.A. § 2113(a); Count Two, an offense against Section 588b(b), now 18 U.S.C.A. § 2113(d); and Counts Three to Nine, offenses against Section 588c, now 18 U.S.C.A. § 2113(e).

Appellant was sentenced to a term of 20 years on Count One; 25 years on Count Two; and 25 years on each of Counts Three to Nine—all the sentences to run concurrently.

On July 14, 1951, appellant filed an "Application for Judicial Review of the Record and for Amelioration and Modification of the Judgment and Sentence" in the trial court, the United States District Court for the District of Nebraska. That Court properly considered the pleading as a motion attacking the sentence under Section 2255, Title 28, U.S.C.A.

In support of his motion appellant contended that Counts One to Nine, inclusive, of the indictment charging violation of Sections 588b and 588c of Title 12, U.S.C.A now 18 U.S.C.A. § 2113 charge only one offense, and that after pronouncing the 20 year sentence on Count One, the trial court lost jurisdiction to render any valid sentence on any of the remaining counts.

The District Court held that the longest of the concurrent sentences, otherwise validly pronounced, was supported by and could be lawfully sustained under the statute, and it accordingly denied appellant's motion and sustained the 25 year sentences. It overruled a motion for rehearing and this appeal has been taken to obtain reversal.

The ruling of the District Court refusing to modify the sentence was proper and supported by such a number of decisions as to require no further comment: See Whitfield v. Ohio, 297 U.S. 431, 438, 56 S.Ct. 532, 80 L.Ed. 778; Holiday v. United States, 8 Cir., 130 F.2d 988; Gebhart v. United States, 8 Cir., 163 F.2d 962.

It has been held by this Court that the offenses charged in Counts One and Two of the indictment in this case are not separate and distinct offenses, but are merely degrees of the same offense. Hewitt v. United States, 8 Cir., 110 F.2d 1. That decision does not suggest any question as to the validity of the longer of the two concurrent sentences on Counts One and Two in this case. See Gebhart v. United States, 8 Cir., 163 F.2d 962, supra. We do not find it necessary to discuss a contention made by the government that the concurrent sentences in this case imposed under Counts Three to Nine, charging violation of Section 588c, Title 12, U.S.C.A., now 18 U.S.C.A. § 2113(e), should be held to be sentences for separate and distinct offenses.

The ruling and judgment appealed from were clearly without error.

Affirmed.