**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 12/17/96**

**TENTH CIRCUIT**

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 95-3311 |
| | ) | |
| ROBERT LEE WILLIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

---

**Appeal from the United States District Court
for the District of Kansas
(D.C. No. 95-CR-20013)**

---

Michael L. Harris, Assistant Federal Public Defender, Kansas City, Kansas, for Defendant-Appellant.

Robert S. Streepy, Assistant United States Attorney, (Jackie N. Williams, United States Attorney, with him on the brief), Kansas City, Kansas, for Plaintiff-Appellee.

---

Before **EBEL, LOGAN** and **BRISCOE**, Circuit Judges.

---

**LOGAN**, Circuit Judge.

---

Defendant Robert Lee Willis appeals following a mistrial because of a hung jury and conviction after a second trial, on a two-count superseding indictment for conspiracy to commit bank larceny, in violation of 18 U.S.C. § 371 and § 2113(b) (Count 1), and for assault while attempting bank larceny, in violation of 18 U.S.C. § 2113(b) and (d) (Count 2).  He received a sixty-month sentence on Count 1 and a mandatory life sentence on Count 2, to run concurrently.  He appeals his conviction on the assault count contending that (1) the second trial violated his double jeopardy rights because the district court should have granted his motion for acquittal at the end of his first trial for insufficient evidence; and (2) Count 2 failed to sufficiently allege an offense.  He also contends that the district court erred in (3) not granting his motion for judgment of acquittal at the end of his second trial, (4) instructing the jury on vicarious liability for acts of his co-conspirators in furtherance of a conspiracy, and (5) enhancing his sentence under 18 U.S.C. § 3559(c).

Defendant was one of four men who attempted to remove an ATM machine from a shopping center in Overland Park, Kansas in January 1995.  Disguised as maintenance workers, the men entered the mall through unlocked doors that allowed mall walkers to use the mall for exercise before regular store business hours.  Several mall walkers observed the men and became suspicious.  When mall employees approached them, the four men fled and ran toward their parked van.  The last to leave pulled a gun from his jacket and fired shots through double glass doors into the mall.  No one suffered injuries.

Defendant did not escape in the getaway van and eventually reentered the mall. Police

arrested him shortly thereafter as he exited a restroom in the mall.

Defendant was first tried in April 1995, on a two-count indictment alleging

conspiracy to commit bank larceny, in violation of 18 U.S.C. § 371, and assault while

attempting bank larceny, in violation of 18 U.S.C. § 2113(b) and (d) and 18 U.S.C. § 2.

The district court declared a mistrial after the jury failed to reach a unanimous verdict.

The government then filed a superseding indictment, returned by a grand jury, that was

identical except it omitted the reference to 18 U.S.C. § 2 (aiding and abetting), and

included instead the allegation that the assault occurred "in furtherance of the conspiracy

as alleged in Count 1." I R. doc. 58 at 2.[1]

---

[1] Counts one and two of the superseding indictment charged:

<u>Count 1</u>
That on or about the 25th day of January, 1995, in the District of
Kansas, ROBERT LEE WILLIS, did unlawfully conspire, confederate,
combine, and agree with others unknown to the Grand Jury to take and
carry away, with intent to steal and purloin, any property or money or any
other thing of value exceeding $100.00 belonging to, or in the care, custody,
control, management or possession of the First National Bank of Kansas, a
bank the deposits of which were then insured by the Federal Deposit
Insurance Corporation, a violation of Title 18, United States Code, Section
2113(b), all in violation of Title 18, United States Code, Section 371.

. . . [listing overt acts]

<u>Count 2</u>
That on or about the 25th day of January, 1995, in the District of
Kansas, ROBERT LEE WILLIS, while attempting to commit bank larceny,

(continued...)

The second trial in June 1995 resulted in the conviction defendant now appeals. In both trials, defendant's identity was the only contested issue. The government's evidence at both trials focused on establishing defendant's identity, and did not attempt to show that he actually fired the shots supporting the assault.

I

Defendant first contends the district court erred in denying his motion for acquittal at the close of the first trial. He asserts that this issue is appealable following the verdict in his second trial because of the double jeopardy implications. Whether defendant may now appeal the denial of his motion for acquittal in the first trial is a legal question that we review de novo. See United States v. Maher, 919 F.2d 1482, 1485 (10th Cir. 1990).

Defendant relies on United States v. Balano, 618 F.2d 624 (10th Cir.), cert. denied, 449 U.S. 840 (1980), in which we stated that because of double jeopardy concerns a defendant could appeal after a second trial from the denial of a motion for acquittal raised at the first trial. Id. at 632 n.13. The United States Supreme Court's later decision in Richardson v. United States, 468 U.S. 317 (1984), effectively overruled this aspect of

_____

[1](...continued)
an offense defined in Title 18, United States Code, Section 2113(b), and in furtherance of the conspiracy as alleged in Count 1 of this Indictment, did unlawfully assault David Veh and John Veh and put in jeopardy the life of David Veh and John Veh by the use of a dangerous weapon, that is, a firearm, in violation of Title 18, United States Code, Section 2113(b) and (d).

I R. doc. 58 at 1-2.

Balano. Richardson concluded "that the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." Id. at 325. The opinion then "reaffirm[ed] the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy." Id. at 326. Richardson did not examine the sufficiency of the evidence presented in the defendant's first trial because "[r]egardless of the sufficiency of the evidence at [the defendant's] first trial, he has no valid double jeopardy claim to prevent his retrial." Id. See also United States v. Holland, 956 F.2d 990, 992-93 (10th Cir. 1992) (mistrial does not terminate jeopardy, and "[r]eindictment . . . is equivalent to a retrial under the original indictment"). We therefore hold that defendant may not resurrect his motion for acquittal at his first trial.

II

Next defendant argues that Count 2 of the superseding indictment fails to charge an offense. Defendant did not raise this issue before trial. Although we generally review the sufficiency of an indictment de novo, when a defendant fails to raise a timely challenge, "we will liberally construe an indictment in favor of validity." United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996). To determine the sufficiency of an indictment we look to see if it contains the elements of the offense charged, provides the defendant with fair notice of what he must defend against, and affords protection from double jeopardy. Id.

5

Defendant raises several related arguments in challenging Count 2 of the indict-ment. The most important is that 18 U.S.C. § 2113(d) is merely a sentence enhancement which does not create a substantive offense.

In considering this argument we quote not only § 2113(b) and (d), but § 2113(a)[2] as well, omitting words not relevant to our analysis:

§ 2113.  **Bank robbery and incidental crimes**

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money . . . in the . . . posses-sion of, any bank, . . .; or

Whoever enters or attempts to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank . . .or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money . . . belonging to, or in the . . . possession of any bank . . . shall be fined under this title or imprisoned not more than ten years, or both; or

_____

[2]  Count 1 of the indictment charged a conspiracy to violate § 2113(b). See Pinkerton v. United States, 328 U.S. 640, 643 (1946) ("the commission of the substantive crime and a conspiracy to commit it are separate and distinct offenses"). That was done no doubt because the robbers' lack of success in taking or carrying away the ATM machine made it impossible to charge a substantive crime under § 2113(b). That subsection, unlike subsection (a), contains no "attempt" language. The government could not indict defendant under § 2113(a) because there was no taking, or attempt to take, from "the person or presence of another," the crime did not involve extortion, and there was no entry or attempted entry of a bank. Because of the shots fired, when mall workers were nearby, Count 2 sought the higher punishment set out in § 2113(d) for assault.

Whoever takes and carries away, with intent to steal or purloin, any property or money . . . belonging to, or in the . . . possession of any bank . . . shall be fined not more than $1,000 or imprisoned not more than one year, or both.

. . . .

**(d)** Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a), (b) and (d). The legal question before us is whether subsection (d) states a separate crime for an assault while "attempting to commit, any offense defined in subsection[] . . . (b)."

Defendant relies on case law stating or holding that subsection (d) (or its equivalent under a predecessor statute) is only a sentence enhancement provision. There are a number of cases in the Supreme Court and this circuit to the effect that convictions under subsections (a) and (d) merge and only one sentence is permissible. See Green v. United States, 365 U.S. 301, 305-06 (1961); Prince v. United States, 352 U.S. 322, 329 & n.11 (1957) (by inference); Holliday v. Johnston, 313 U.S. 342, 349 (1941) (predecessor statute); Brown v. United States, 34 F.3d 990, 991 (10th Cir. 1994); Peeler v. United States, 163 F.2d 823, 824-25 (10th Cir. 1947) (predecessor statute); Holbrook v. Hunter, 149 F.2d 230, 231-32 (10th Cir. 1945) (predecessor statute). We are certain the courts would hold to the same effect if there were a conviction of a substantive crime under

7

§ 2113(b)--as opposed to a conspiracy to violate that subsection--and a conviction under subsection (d).

The difference in the instant case--which has not been considered previously by an appellate court--is that unlike under subsection (a), under subsection (b) there is no crime of an <u>attempt</u> to take or carry away the bank's property. Yet subsection (d), by its plain language, makes an assault or putting a life in jeopardy by the use of a gun while "attempting to commit any offense defined in subsection[] . . . (b)" punishable by fine and/or lengthy imprisonment. In the absence of a definitive holding by the Supreme Court or this circuit to the contrary, we believe the plain language of subsection (d) creates a substantive crime in the narrow circumstance before us. <u>See</u> <u>United States v. Ray</u>, 21 F.3d 1134, 1139-40 (D.C. Cir. 1994) (noting conviction under § 2113(d) is a separate offense from conviction under § 2113(a)), <u>cert. denied</u>, 116 S. Ct. 246 (1995); <u>United States v. McKenzie</u>, 414 F.2d 808, 811 (3d Cir. 1969) (same), <u>cert. denied</u>, 396 U.S. 1019 (1970).

We also reject defendant's contention that Count 2 of the indictment should have recited the elements of § 2113(b). Our concern is whether, after reading the counts of an indictment together, a defendant has "a clear understanding of each of the charges against him." <u>United States v. Edmonson</u>, 962 F.2d 1535, 1542 (10th Cir. 1992) (reading all three counts of an indictment together, it stated all essential elements of the statute). Count 1 of the superseding indictment parrots the language of § 2113(b) in the context of

the conspiracy charged. Count 2 includes the language of § 2113(d) and then incorporates Count 1 and references § 2113(b). See Fed. R. Crim. P. 7(c)(1). An indictment need not quote the statute to adequately place a defendant on notice of the charges against him. United States v. Bullock, 914 F.2d 1413, 1414 (10th Cir. 1990) (discussing untimely challenge to sufficiency of indictment) (citing Hamling v. United States, 418 U.S. 87 (1974)); see also Kienlen v. United States, 379 F.2d 20, 23 (10th Cir. 1967) (rejecting challenge to single sentence indictment that failed "to allege the [defendant] assaulted and put lives in danger by the use of a dangerous weapon 'while committing an offense in violation of 18 U.S.C. § 2113(a)'").

Defendant has not shown that he could not adequately prepare his defense or that the charge or the record at the second trial is so lacking that it provided him no protection against double jeopardy. Defendant evidently received all required access to the prosecution's discovery and concedes that the evidence in both trials was nearly identical. Appellant's Brief at 34. See United States v. Dyba, 554 F.2d 417, 420 (10th Cir.) (upholding imperfect indictment because not substantially prejudicial to defendant), cert. denied, 434 U.S. 830 (1977); United States v. Mason, 440 F.2d 1293, 1296 (10th Cir.) (upholding indictment that was "not a model of clarity"), cert. denied, 404 U.S. 883 (1971).

Finally, defendant argues that Count 2 does not state the elements of § 2113(b) and the jury instructions setting out those elements impermissibly broadened the indictment.

9

Because we have already held that the indictment was not deficient for failing to list the elements of § 2113(b), the jury instructions did not broaden the indictment.

III

Defendant next contends that the district court erred in denying his motion for acquittal at the close of the second trial. See Fed. R. Crim. P. 29(a). A motion for judgment of acquittal fundamentally challenges the sufficiency of the evidence. United States v. Urena, 27 F.3d 1487, 1490 (10th Cir.), cert. denied, 115 S. Ct. 455 (1994). We review the evidence to determine whether, if taken in the light most favorable to the prosecution, it is sufficient for a reasonable jury to find the defendant guilty beyond a reasonable doubt. United States v. Hook, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986); see also Burks v. United States, 437 U.S. 1, 16-17 (1978) (appellate court must uphold verdict if record contains substantial evidence, when viewed in light most favorable to the government, to sustain verdict).

Defendant asserts that the conspiracy to steal the ATM machine did not reasonably encompass the assault charged in Count 2, thus he may not be held vicariously liable under Pinkerton v. United States, 328 U.S. 640 (1946). He asserts that the evidence did not show he knew a co-conspirator was armed and the intent necessary to support the conspiracy agreement does not support the substantive offense of assault. Defendant also contends that the conspiracy ended when the security guards and mall walkers discovered the attempted larceny, and the conspiracy members "abandoned their illegal plan."

10

Appellant's Brief at 35.  He argues that the government effectively conceded that the gunfire that supported the § 2113(d) charge so surprised defendant, who believed the shots were fired at him, that he panicked and failed to board the getaway vehicle. Defendant asserts this conduct is inconsistent with vicarious liability.  He also notes that the evidence established that the last person to leave the mall, not defendant, fired the shots.

Our case law generally supports treating escape as part of the overall conspiracy to commit bank robbery.  See United States v. Von Roeder, 435 F.2d 1004, 1010 (10th Cir. 1970) (escape phase is not "an event occurring 'after the robbery.'  It is part of the robbery."), vacated on other grounds, 404 U.S. 67 (1971); Balano, 618 F.2d at 631 ("escape phase doctrine was developed to deal with those who are entangled in the consummation of the crime itself, such as getaway car drivers").

Pinkerton does not require a co-conspirator to have actual knowledge of the underlying crime (here, the aggravated assault) in order to impose criminal liability.  To the contrary, the co-conspirator has criminal responsibility unless "the substantive offense committed by one of the conspirators was not in fact done in furtherance of the conspiracy, did not fall within the scope of the unlawful project, or was merely a part of the ramifications of the plan which could not be reasonably foreseen as a necessary or natural consequence of the unlawful agreement."  Pinkerton, 328 U.S. at 647-48.

11

The record contains ample evidence to support the jury's finding that the conspiracy continued through defendant's flight from the crime scene. It contains no suggestion that the conspiracy was abandoned or otherwise terminated by some affirmative act, such as withdrawal by defendant. See United States v. Russell, 963 F.2d 1320, 1322 (10th Cir. 1992) (in the context of sufficiency of the evidence to establish defendant's continued participation in the conspiracy, record did not show co-conspirators had terminated conspiracy). Defendant is no less culpable because he is unaware that his co-conspirator carried a concealed weapon while attempting to commit this inherently dangerous and violent crime. United States v. Young, 954 F.2d 614, 619 (10th Cir. 1992).

IV

Defendant argues that the district court should not have given a vicarious liability instruction, but if such an instruction was proper the court erred by not including a

12

foreseeability requirement.[3] We review de novo whether the jury instructions are legally sufficient. United States v. Conway, 73 F.3d 975, 980 (10th Cir. 1995).

We have already dealt with some aspects of the foreseeability issue. The instruction given was essentially the same as pattern jury instructions adopted in other circuits. We believe the district court correctly interpreted Pinkerton, 328 U.S. at 648, and Nye & Nissen v. United States, 336 U.S. 613, 681 (1949), by concluding that the jury did not need to be instructed to consider whether the assault was reasonably foreseeable, as long as the jury was required to find defendant criminally liable as a member of the conspiracy. See United States v. Aramony, 88 F.3d 1369, 1379-81 (4th Cir. 1996) (approving instruction allowing for conviction of co-conspirators' crimes, without requiring foreseeability), petition for cert. filed, 65 U.S.L.W. 3381 (U.S. Nov. 12, 1996) (No. 96-

---

[3] The instruction in question is No. 19, which reads as follows:

A conspirator is guilty of the illegal acts that are done as part of and in furtherance of the conspiracy even though those acts are done solely by co-conspirators. Therefore, if you are satisfied beyond a reasonable doubt that, at the time the assault by the use of a dangerous weapon while attempting to commit bank larceny alleged in Count 2 was committed, the defendant had entered into and continued to be a member of an unlawful conspiracy as charged in Count 1 of the indictment, and if you further find beyond a reasonable doubt that the alleged act charged in Count 2 was committed while the conspiracy continued to exist, was in furtherance of the conspiracy, and was a natural consequence of the conspiracy, then you may find the defendant guilty of the offense charged in Count 2 as a co-conspirator even though he was not the person who actually committed the offense charged in Count 2.

I Supp. R. Instr. 19.

13

752); United States v. Gonzalez, 933 F.2d 417, 443 (7th Cir. 1991) (to the same effect); United States v. Troop, 890 F.2d 1393, 1399-1400 (7th Cir. 1989) (same); but see United States v. Broadwell, 870 F.2d 594, 603-05 (11th Cir.) (finding error but holding lack of foreseeability language was not prejudicial), cert. denied, 493 U.S. 840 (1989).

Defendant also asserts a fatal variance between Count 2 and the court's instruction:  Count 2 of the indictment charged him personally with committing the assault, but the jury instruction allowed him to be convicted for the acts of a co-conspirator.  The government argues that this is a simple variance that did not prejudice defendant.

Our cases recognize two types of variance between proof and the indictment.

> A fatal variance denies a defendant this fundamental guarantee because it destroys his right to be on notice of the charge brought in the indict-ment. . . .  A simple variance occurs when the charging terms are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment.

Hunter v. State, 916 F.2d 595, 598 (10th Cir. 1990) (en banc) (citations and quotations omitted), cert. denied, 500 U.S. 909 (1991); United States v. Williamson, 53 F.3d 1500, 1512-14 (10th Cir.) (simple variance generally allows upholding conviction because the proof at trial "corresponds to an offense clearly charged in the indictment," but a fatal variance is prejudicial because a defendant cannot anticipate the evidence to be presented against him or be protected from double jeopardy), cert. denied, 116 S. Ct. 218 (1995); see also United States v. Haddock, 956 F.2d 1534, 1548-49 (10th Cir.), cert. denied, 506 U.S. 828 (1992).

14

The government's evidence did not attempt to establish that defendant personally committed the assault and the government's affidavit originally filed with the information, I R. doc. 1, does not assert that defendant personally committed the assault. The superseding indictment charged the assault occurred "in furtherance of the conspiracy." Defendant acknowledged at the close of the government's case that Count 2 liability depended upon Pinkerton, underscoring for defendant the vicarious liability theory. We do not see how defendant suffered any surprise or prejudice. That the government's proof ultimately rested on vicarious liability did not "effectively alter the substance of the indictment." Hunter v. State, 916 F.2d at 599.

V

Finally, defendant challenges the enhanced sentence given him pursuant to 18 U.S.C. § 3559(c)(1) on the basis that the government did not refile the required information before his second trial. See 18 U.S.C. § 3559(c)(4) and 21 U.S.C. § 851(a). We review de novo challenges to the legality of a sentence. United States v. Gonzalez-Lerma, 14 F.3d 1479, 1484 (10th Cir.), cert. denied, 114 S. Ct. 1862 (1994).

Under 18 U.S.C. § 3559(c)(1), a mandatory life sentence may be imposed on persons convicted of serious violent felonies who have been convicted on separate prior occasions of two or more serious violent felonies. Section 3559(c)(4), referencing 21 U.S.C. § 851(a), incorporates a notice provision: the government must file, before trial or entry of a guilty plea, a listing of the prior convictions relied upon to support a mandatory

15

life sentence. In the instant case, the government's notice requested that defendant receive a life sentence if convicted on Count 2 and listed the supporting prior convictions. The government filed the request before the first trial, but did not refile after the mistrial and superseding indictment. Defendant contends that we should view the notice as jurisdictional, and hold that the government's failure to refile its notice deprived the district court of jurisdiction to impose an increased sentence.

The purpose of the notice filing is to give the defendant an opportunity to establish either that he had not been convicted of the crimes the government relies upon for the sentence enhancement or that the convictions do not qualify as the type satisfying the enhancement requirements. Here defendant had that opportunity. In an analogous case involving 21 U.S.C. § 851(a), we held the government is not required to refile its notice after return of a superseding indictment. United States v. Wright, 932 F.2d 868, 882 (10th Cir.), cert. denied, 502 U.S. 962 (1991); see also United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995) (rejecting the need to refile 21 U.S.C. § 851 notice after a consecutive trial in the same court), cert. denied, 116 S. Ct. 1546 (1996).

Defendant also argues that by dropping the reference to the aider and abettor statute, 18 U.S.C. § 2, the superseding indictment fundamentally changed the crime charged in Count 2. Defendant argues, "[w]hen the superseding indictment changes the nature of the allegation from direct participation to a theory of vicarious liability, the prosecution should be required to announce its belief before trial that the amended charge

16

remains a 'serious violent felony' under 18 U.S.C. § 3559(c)." Appellant's Brief at 49. He also argues that the Count 2 conviction is not such a felony justifying enhancement because § 3559(c)(2)(F)(ii) does not mention conspiracy. Id. We are not impressed with either argument.

The "serious violent felony" that exposed defendant to the mandatory life sentence was the underlying assault, which was charged in both indictments. In both indictments Count 2 charged a substantive crime, not the crime of conspiracy. The first indictment read in a light most favorable to defendant, charged defendant in Count 2 as both principal and aider and abettor. An aider and abettor under 18 U.S.C. § 2 is "punishable as a principal." Dropping that § 2 reference, if anything, benefitted defendant. The addition of the "in furtherance of the conspiracy" language we believe added nothing that was not inherent in the first indictment.

Defendant's § 3559(c)(2)(F)(ii) argument was never raised in the district court. In any event, a substantive crime punishable by ten years or more imprisonment which "by its nature, involves a substantial risk that physical force against the person of another may be used in committing the offense," id. § 3559(c)(2)(F)(ii), qualifies as a "serious violent felony" under § 3559. Although defendant never fired the shots his participation in the attempted ATM robbery satisfies the statutory requirement. We therefore reject defendant's argument that his sentence was improperly enhanced.

AFFIRMED.

17