**UNITED STATES of America, Appellee,**

v.

**James Dean ROOD, Defendant–Appellant.**

**Docket No. 01–1183.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 13, 2001.

Decided Feb. 15, 2002.

Thomas A. Zonay, Ford & Zonay, P.C., Woodstock, VT, for Defendant–Appellant.

William B. Darrow, Assistant United States Attorney for the District of Vermont, (David V. Kirby, United States Attorney, John P. Tavana, Assistant United States Attorney, on the brief) Burlington, VT, for Appellee.

Before: McLAUGHLIN and POOLER, Circuit Judges, and SAND, District Judge.[*]

POOLER, Circuit Judge.

James Dean Rood appeals from the March 15, 2001, judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, *Chief Judge*) sentencing him principally to 33 months imprisonment after Rood pleaded guilty to one count of attempted bank larceny, in violation of 18 U.S.C. § 2113(a). We hold that the undisputed facts of Rood's conduct fell within the parameters of the federal bank robbery statute when Rood entered a grocery store containing a bank-owned automatic teller machine ("ATM") with the intent to steal money from the ATM because the grocery store was a building used in part as a bank. We also hold that once a sentencing court determines that a defendant qualifies for credit for acceptance of responsibility, it must apply only the criteria of the Sentencing Guidelines in deciding how many levels to reduce defendant's offense level calculation.

## BACKGROUND

On Thanksgiving night, November 25, 1999, Rood entered a closed Grand Union supermarket in Rutland, Vermont and attempted to break into an ATM inside the store. Charter One Bank, a bank with federally insured funds, owned the ATM, which contained $16,700 of the bank's money at the time of the attempted larceny. Rood fled the scene when local police responded to an alarm.

A federal grand jury indicted Rood on March 9, 2000, and charged him with one count of attempted bank larceny based on the incident. Federal authorities arraigned Rood on March 13, 2000. On May 8, 2000, Rood filed a motion to dismiss the indictment because, he argued, the indictment improperly charged him with federal bank larceny because an ATM located in a supermarket is not a bank within the meaning of 18 U.S.C. § 2113(a). Judge Murtha denied the motion by order filed on June 13, 2000. On July 31, 2000, Rood

---

[*] The Honorable Leonard B. Sand of the United States District Court for the Southern District of New York, sitting by designation.

acting pursuant to a written agreement pleaded guilty to the attempted bank larceny charge, "reserving the right, on appeal, to review the adverse ruling on his motion to dismiss, i.e., on the issue of whether his attempted theft of money from an operational, bank owned and controlled automatic teller machine, located in a supermarket, violates 18 U.S.C. § 2113(a)."

On March 13, 2001, Judge Murtha sentenced Rood to 33 months imprisonment, three years supervised release, $1,114.50 restitution to Charter One Bank, $500 fine, and $100 special assessment. Judge Murtha granted Rood a two-level decrease in his offense level calculation pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility, but he refused to grant an additional one-level decrease pursuant to Section 3E1.1(b) based on Rood's violation of pre-trial release conditions. Rood now appeals his conviction and sentence.

## DISCUSSION

### I. Attempted bank larceny

█ Rood argues that the government improperly charged him with attempted bank larceny because his conduct did not fall within Section 2113(a). Specifically, defendant argues that he did not attempt to rob a federally insured bank as the statute requires "because neither a grocery store with an ATM inside of it, nor the ATM itself, is a Bank for purposes of [federal law]." Defendant relies on the partial dissent in a Ninth Circuit decision for support of his position. *See United States v. Rrapi*, 175 F.3d 742, 754–56 (9th Cir.), *cert. denied*, 528 U.S. 912, 120 S.Ct. 261, 145 L.Ed.2d 219 (1999). The government responds that Section 2113(a) only requires that defendant attempt to enter "any building used in whole or in part as a bank" with the intent to rob, and that a grocery store containing a bank ATM is a building used in part as a bank. The government relies on the majority opinion in the Ninth Circuit's *Rrapi* decision. Our review concerns statutory interpretation, an issue of law that we consider *de novo*. *See White v. Shalala*, 7 F.3d 296, 299 (2d Cir.1993).

The government charged Rood with a violation of Section 2113(a), which states in relevant part that "[w]hoever enters or attempts to enter any bank, ... or any building used in whole or in part as a bank, ... with intent to commit in such bank, ... or building, or part thereof, so used, any felony affecting such bank, ... and in violation of any statute of the United States, or any larceny ... [commits a felony]." 18 U.S.C. § 2113(a). Because ATMs are a relatively new—although ubiquitous—convenience, the statute, originally drafted in 1948, does not mention them specifically. Only the Ninth Circuit directly has addressed the question of whether a robbery or attempted robbery of a bank ATM located inside a store constitutes a federal crime.

We agree with the majority in the *Rrapi* decision, which correctly determined that the unambiguous language of Section 2113(a) applied to a defendant who attempted to take federally insured deposits from a bank-owned and operated ATM located within a supermarket because defendant entered or attempted to enter a building used in part as a bank with the intent to commit therein a felony affecting the bank. *Rrapi*, 175 F.3d at 751–52. The Ninth Circuit rejected as irrelevant the circumstance that neither an ATM nor a store is a bank:

Under the language of Section 2113(a), ... we need not find that an ATM itself is a bank, but only that a part of any building is used as a bank. Customers in [the store] use the ATM to withdraw,

deposit, and transfer federally insured funds—some of the most important functions of a bank from a customer's perspective. The [bank] uses the ATM to store cash—the most important function of the bank from a robber's perspective. The [store] building was thus "used . . . in part as a bank."

*Id.* at 752 (last alteration in original). The Ninth Circuit majority properly rejected attempts to apply principles of civil banking regulation in this area of criminal law, noting that whether ATMs are branch banks or domestic branches of banks for marketplace purposes also is irrelevant. *Id.* at 752–53. Instead, the correct inquiry concerns the criminal statute's definition of bank, which states in relevant part that a bank is "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." 18 U.S.C. § 2113(f). There is no question that the funds within the bank-owned ATM at issue in this case were federally insured. Thus, the building housing this ATM was used in part as a bank and defendant's attempt to steal the insured funds from the ATM affected a bank.

Rood's arguments on appeal largely mirror the dissent in *Rrapi* and are not persuasive because the statute unambiguously applies where, as here, a building containing a bank-owned ATM is used in part as a bank. Under Section 2113(a)'s broad "used in whole or in part" language, a bank ATM or a building containing a bank ATM need not itself be a bank. 18 U.S.C. § 2113(a). We also reject Rood's reliance on dicta in *United States v. Willis,* where the Tenth Circuit noted that a conspiracy to steal an ATM from a mall would not fall within Section 2113(a) because, in part, there was no entry or attempted entry of a bank. *See United States v. Willis,* 102 F.3d 1078, 1081 n. 2 (10th Cir.1996). Both the dissent and majority in *Rrapi* agreed that this statement was dicta and had no

bearing on their analysis. *Rrapi,* 175 F.3d at 751, 756. We agree and also find the view of the statute as expressed in *Willis* to be unduly narrow.

Consequently, Rood's conduct fell within Section 2113(a) because he entered a building used in part as a bank with the intent to commit a felony affecting the bank. This is not a case where the government improperly filed a federal charge to cover a state crime. Rood targeted federally insured bank funds, not merely the cash drawer of a grocery store, and federal prosecution was appropriate.

## II. Acceptance of responsibility under U.S.S.G. § 3E1.1(b)

Rood next contends that the district court erred when it refused to grant him an additional one-level decrease in his offense level calculation pursuant to Section 3E1.1(b) based on conduct other than the factors and criteria listed in that guidelines subsection. The government concedes this point and agrees that a remand for resentencing is required. Our review of this issue of law is *de novo.   United States v. Charria,* 919 F.2d 842, 849 (2d Cir.1990).

Section 3E1.1(a) provides for a two-level decrease in offense level for defendants that clearly demonstrate acceptance of responsibility for their offenses. U.S.S.G. § 3E1.1(a). Subsection (b) provides for an additional one-level decrease for defendants who qualify under subsection (a) and (1) have an offense level of 16 or greater; and (2) timely provide complete information to the government about their own involvement in the offense or timely notify authorities of their intention to plead guilty. U.S.S.G. § 3E1.1(b). Application of subsection (b) is not discretionary. *Cf. United States v. Keppler,* 2 F.3d 21, 23 (2d Cir.1993) (noting that although

defendant waived the issue, "[w]hen a sentencing court determines that a defendant is entitled to an offense level reduction of two levels pursuant to Guidelines § 3E1.1(a), the court must then determine whether the conditions of Guidelines § 3E1.1(b) have been met, and if they have, the court must grant the third level of reduction"). *Keppler's* interpretation of the guidelines is consistent with that of our sister circuits. *See United States v. Rice,* 184 F.3d 740, 742 (8th Cir.1999); *United States v. Corrigan,* 128 F.3d 330, 337 (6th Cir.1997); *United States v. McPhee,* 108 F.3d 287, 289–90 (11th Cir.1997); *United States v. Townsend,* 73 F.3d 747, 755–56 (7th Cir.1996); *United States v. Talladino,* 38 F.3d 1255, 1265–66 (1st Cir.1994); *United States v. Colussi,* 22 F.3d 218, 219–20 (9th Cir.1994); *United States v. Mills,* 9 F.3d 1132, 1137–39 (5th Cir.1993). We explicitly adopt here the view that we expressed in *Keppler,* that granting the additional one-level decrease in Section 3E1.1(b) is not discretionary where defendant satisfies the guideline's criteria.

As the government acknowledges, once the district court found that Rood was eligible to receive a two-level decrease for acceptance of responsibility pursuant to Section 3E1.1(a), the law required the district court to apply the criteria in subsection (b) and grant an additional one-level decrease if Rood satisfied the guideline. While the government consistently argued that Rood was not entitled to credit for acceptance of responsibility at all, it allows that once Judge Murtha made a threshold finding of acceptance, Rood met the criteria of subsection (b). Rood's offense level was 16, and he timely notified authorities of his intention to plead guilty. In declining to grant Rood the additional decrease, the district court stated that it had discretion in this area and that Rood was not entitled to the credit based on his violation of the conditions of his pre-trial release.

The basis for the district court's decision was erroneous because it did not concern the criteria in subsection (b). On remand, the district court must apply the criteria of subsection (b) and grant Rood the additional one-level decrease. Of course, the district court will be free to sentence Rood to any term of imprisonment within the new sentencing range, taking into account any appropriate factor.

### CONCLUSION

For the forgoing reasons, we affirm the judgment of conviction and remand for resentencing consistent with this opinion.