11-5057-cr
United States v. Wilson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand thirteen.

PRESENT: PETER W. HALL,
GERARD E. LYNCH,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                          No. 11-5057-cr

ISABEL WILSON,

*Defendant - Appellant.*

_____

FOR APPELLANT:           THEODORE S. GREEN, Green & Willstatter, White Plains, New York

FOR APPELLEES:           DOUGLAS B. BLOOM, Assistant United States Attorney (Jennifer G. Rodgers, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction of the district court is AFFIRMED in part and REVERSED in part. The judgment of the district court is VACATED and the case is REMANDED for resentencing.

Defendant-Appellant Isabel Wilson appeals from a judgment of conviction entered on November 23, 2011, in the United States District Court for the Southern District of New York, following a two-week trial before a jury and the Honorable Vincent L. Briccetti, United States District Judge. The jury found Wilson guilty of: access device fraud, in violation of 18 U.S.C. § 1029(a)(5) (Count One); one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count Two); use of a passport obtained by fraud, in violation of 18 U.S.C. § 1542 (Count Three); use of a Social Security number assigned on the basis of false information, in violation of 42 U.S.C. § 408(a)(7)(A) (Count Five); three counts of making false statements to federal officers, in violation of 18 U.S.C. § 1001(a) (Counts Six, Seven, and Eight); and making a false claim of United States citizenship, in violation of 18 U.S.C. § 911 (Count Nine). In an opinion filed today, we reverse Wilson's conviction on Count Five. This order addresses Wilson's remaining arguments on appeal. We assume the parties' familiarity with the facts, procedural history, and specification of issues for review, which we reference only as necessary to explain our decision supporting this order. The facts dealing with Count Five are set out more extensively in the accompanying opinion.

(1)

Wilson argues that the district court improperly denied her motions pursuant to Federal Rules of Criminal Procedure 8(a) and 14 seeking severance of various counts of the Superseding Indictment for trial. Specifically, Wilson argues that the indictment should have been broken into four groups with: (a) Counts One, Two and Four, (b) Count Three, (c) Count Six, and (d) the remaining counts, each tried separately. Wilson's arguments are without merit.

We review *de novo* a district court's denial of a Rule 8 misjoinder motion. United States v. Litwok, 678 F.3d 208, 216 (2d Cir. 2012). In reviewing a district court's denial of a motion to sever under Rule 8(a), this Court undertakes "a twofold inquiry: whether joinder of the counts was proper, and if not, whether misjoinder was prejudicial to the defendant." Id. (internal quotation marks omitted) We have interpreted Rule 8(a) as providing a liberal standard for joinder of offenses. See United States v. Turoff, 853 F.2d 1037, 1042 (2d Cir. 1988). Thus joinder under Rule 8(a) is appropriate where the counts are of the same or similar character, that is, "having a general likeness to each other." United States v. Rivera, 546 F.3d 245, 253 (2d Cir. 2008) (internal quotation marks omitted).

We find no Rule 8(a) error because all of the offenses charged are of a similar character in that Wilson dishonestly represented her identity in order to gain benefits to which she might not have otherwise been entitled. In addition, Counts One, Two, Three, and Six were properly joined because those counts constitute parts of a common scheme or plan. See United States v. Amato, 15 F.3d 230, 237 (2d Cir. 1994).

3

Where counts are properly joined under Rule 8, the district court retains discretion to sever them to prevent prejudice to a defendant or the government pursuant to Rule 14. We review a district court's denial of a Rule 14 severance motion for abuse of discretion. United States v. Page, 657 F.3d 126, 129 (2d Cir. 2011). Indeed, in view of the strong preference for single trials of properly joined counts, see Richardson v. Marsh, 481 U.S. 200, 210 (1987), a district court's denial of a Rule 14 motion is "virtually unreviewable," United States v. Salameh, 152 F.3d 88, 115 (2d Cir. 1998) (internal quotation marks omitted). Because we cannot find that the addition of a series of essentially minor charges onto the identity theft counts at the heart of the indictment could have caused substantial prejudice amounting to a miscarriage of justice, see Page, 657 F.3d at 129, we find no abuse of discretion here.

(2)

Wilson contends that Count Three fails to the state a crime of passport fraud because the fraudulently obtained passport was not alleged to have been used in connection with travel. We disagree.

We review a district court's statutory interpretation *de novo*. United States v. Rood, 281 F.3d 353, 355 (2d Cir. 2002). In interpreting a statute, we begin, "as always, with the language of the statute." United States v. Reich, 479 F.3d 179, 187 (2d Cir. 2007) (internal quotation marks omitted). If the statute's language is unambiguous, our inquiry ends. See Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997).

Section 1542 proscribes the "use[] or attempt[] to use . . . any passport the issue of which was secured in any way by reason of any false statement." 18 U.S.C. § 1542. The statute does not refer to travel. We need not decide on the facts of this case whether there are any limits on the ways in which a fraudulently obtained passport may be "used" in violation of the statute. Assuming arguendo that Wilson is right that the statute only prohibits use of a passport in ways that are consonant with the ordinary functions of a passport, we think it clear that passports are commonly used, and are issued to be used, not only in connection with international travel, but also for such purposes as identification and proof of citizenship. Where, as here, a fraudulently obtained passport is used for purposes of identification (in this case, to open a post office box that was used in connection with the underlying credit card scheme), such use is covered by the statute's plain language. See Browder v. United States, 312 U.S. 335, 340 (1941).

(3)

Wilson argues that venue for Count Six, which charged Wilson with making a false statement to a United States Secret Service agent in violation of 18 U.S.C. § 1001(a), does not lie within the Southern District of New York.

The government bears the burden of proving that venue is proper. United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1188 (2d Cir. 1989). Because the venue requirement is not an element of the offense, however, venue need only be proved by a preponderance of the evidence. United States v. Ramirez, 420 F.3d 134, 139 (2d Cir. 2005). We review the sufficiency of evidence regarding venue in the light most favorable

5

to the government, "credit[ing] every inference that could have been drawn in its favor." United States v. Rosa, 17 F.3d 1531, 1542 (2d Cir. 1994).

Where a statement is made in one jurisdiction and relied upon in another, "the materiality requirement proves dispositive with respect to venue." United States v. Coplan, 703 F.3d 46, 79 (2d Cir. 2012). "Under [18 U.S.C.] § 1001[(a)], a statement is material if it has a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed, or if it is capable of distracting government investigators' attention away from a critical matter." United States v. Adekanbi, 675 F.3d 178, 182 (2d Cir. 2012) (second alteration in original) (internal quotation marks and citation omitted).

When Secret Service Agents arrived to arrest Wilson at her home in New Jersey, Wilson told agents that her name was Edna and stated that the agents could find Isabel Wilson in Kingston, New York, some 150 miles away. Agents then left Wilson's home and returned to White Plains. Later that day, Secret Service returned to New Jersey and placed Wilson under arrest. On this record, the properly instructed jury was entitled to conclude, on a preponderance of the evidence, that Wilson's false statements to agents in New Jersey were "capable of distracting government investigators' attention away from a critical matter" in the Southern District of New York, where they undertook to decide what steps to take to execute the arrest warrant. Id. Accordingly, we decline to overturn the jury's finding that venue was properly laid in the Southern District.

\* \* \* \* \*

6

We have considered Wilson's remaining arguments and find them to be without merit.  For the foregoing reasons, Wilson's conviction on all counts except Count Five is AFFIRMED.  For the reasons set forth in the accompanying opinion, the conviction on Count Five is REVERSED, the judgment of the district court is VACATED, and the case is REMANDED for resentencing.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court