16-2936-cr
United States v. Reyes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand eighteen.

PRESENT:   RALPH K. WINTER,
                     GERARD E. LYNCH,
                     CHRISTOPHER F. DRONEY,
                                *Circuit Judges.*
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                                *Appellee*,


                    v.                                                          No. 16-2936-cr


NAQUAN REYES,
                                *Defendant-Appellant.*
------------------------------------------------------------------------


   FOR DEFENDANT-APPELLANT:          AMY ADELSON (Daniela Elliott, *of counsel*), New York, NY.


   FOR APPELLEE:          ELIZABETH GEDDES, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *of counsel*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.


1

Appeal from an August 19, 2016 judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendant-Appellant's sentence is **VACATED**, and the case is **REMANDED** for resentencing consistent with this order.

Defendant-Appellant Naquan Reyes appeals from the district court's judgment sentencing him to life imprisonment after he pleaded guilty to one count of conspiracy to commit bank fraud and one count of obstruction of justice murder in the second degree.[1] Specifically, from 2008 until his arrest in 2014, Reyes was a leader and recruiter in a bank fraud conspiracy in which he, as a teller at several retail banks in Brooklyn, Queens, and Manhattan, New York, created counterfeit checks, paid other individuals to deposit those checks into their accounts, and instructed those individuals to then immediately withdraw the funds before the fraud was detected.

Nicole Thompson, one of the individuals recruited by Reyes to participate in the fraudulent scheme, was arrested in July 2010. Thompson began to cooperate with authorities and identified Reyes as the person who provided her with the counterfeit checks. Shortly thereafter, Thompson received threatening text messages from Reyes concerning her cooperation, and just days later, she was murdered by strangulation in Brooklyn. Authorities discovered her body in a dumpster in Landover, Maryland.

In pleading guilty, Reyes admitted that he and his coconspirators paid an individual to murder Thompson in order to prevent her from cooperating in the investigation of the bank fraud scheme, and Reyes also acknowledged that he transported Thompson's body from New York and disposed of it in Maryland. Reyes maintained, however, that he did not personally murder Thompson and that he was not present when she was killed. But during a recorded conversation with a confidential source ("CS") in February 2014, Reyes made several incriminating statements concerning Thompson's murder. For example, in response to a question from the CS as to why Reyes did not have a lookout "do it," Reyes stated "[t]hey want[ed] to, but it was too sloppy. I just did it myself. I just felt it was personal. So I just did it." J.A. 201. Reyes also stated "[unintelligible] do it again if my life was on the line. It was either me or her. That's how . . . I look at it." J.A. 202.

During Reyes's sentencing hearing, his counsel withdrew a previously raised objection to a two-level Guidelines enhancement for obstruction of justice under U.S.S.G.

---

[1] The district court imposed concurrent sentences of thirty years' imprisonment for the conspiracy to commit bank fraud conviction and life imprisonment for the obstruction of justice murder conviction.

§ 3C1.1.  Therefore, Reyes's acceptance of responsibility under U.S.S.G. § 3E1.1 remained the only outstanding issue under the Guidelines, and the district court listened to Reyes's recorded conversation with the CS during the hearing to evaluate his "history and characteristics . . . and whether or not he's credible in the statements that he has made to the [c]ourt and in [his] letter . . . to the [c]ourt."  J.A. 219; *see also* J.A. 222.  In response, Reyes elected to testify in order to explain certain statements that he made during the recorded conversation; among other things, he testified that he was not present when Thompson was murdered—an issue that the Government declined to contest. Nevertheless, the district court found by a preponderance of the evidence that Reyes was present during Thompson's murder, and that he therefore committed perjury.  As a result, the district court withheld one offense-level point for acceptance of responsibility under U.S.S.G. § 3E1.1(b), despite the Government's position in Reyes's plea agreement and during sentencing that a full three-level reduction was warranted.  With the two-level enhancement for obstruction of justice and without the final one-level reduction for acceptance of responsibility, Reyes's Guidelines range was life imprisonment,[2] and the district court sentenced him accordingly.

On appeal, Reyes challenges the procedural and substantive reasonableness of his life sentence, and he also contends that his attorney rendered constitutionally ineffective assistance during sentencing by withdrawing his objection to the enhancement for obstruction of justice.  We assume the parties' familiarity with the remaining facts, the procedural history of the case, and the issues on appeal.

I.    **Procedural Reasonableness**

"Our review of criminal sentences includes both procedural and substantive components and amounts to review for abuse of discretion." *United States v. McIntosh*, 753 F.3d 388, 393–94 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  In reviewing a sentence, first "we scrutinize whether the [d]istrict [c]ourt has committed significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Bennett*, 839 F.3d 153, 158–59 (2d Cir. 2016) (alterations omitted).

Reyes contends that the district court committed two procedural errors in imposing his life sentence.  First, he argues that the district court imposed an unwarranted two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  Second, he contends that

---

[2] Reyes's total offense level arrived at by the court was 43 with a criminal history category of I.

the district court erroneously awarded him only a two-level reduction for acceptance of responsibility, rather than the full three-level reduction that the Government agreed he should receive under U.S.S.G. § 3E1.1.

## A.    Enhancement for Obstruction of Justice

During sentencing, Reyes withdrew his objection to the two-level enhancement for obstruction of justice.   Accordingly, we review this alleged procedural sentencing defect only for plain error.  *See United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Burden*, 860 F.3d 45, 53 (2d Cir. 2017) (per curiam).   Reyes asserts that the district court based the obstruction-of-justice enhancement on a clearly erroneous factual finding—that during a recorded phone call from prison, Reyes coerced his ex-girlfriend and eventual co-defendant Randie Tyson to lie to authorities about Thompson's murder.   Specifically, Reyes contends that he never expressly asked Tyson to lie to authorities about Thompson's murder.   "The district court's factual findings at sentencing need be supported only by a preponderance of the evidence," and "[t]o hold that a factual finding is clearly erroneous, we must be left with the definite and firm conviction that a mistake has been committed."   *United States v. Ulbricht*, 858 F.3d 71, 124 (2d Cir. 2017) (internal quotation marks omitted).   Reyes's argument is unavailing under the plain error standard for two reasons.

First, based on the plain language of Reyes's directions to Tyson during their recorded August 20, 2014 prison telephone call, it was permissible for the district court to conclude by a preponderance of the evidence that Reyes willfully impeded the investigation into Thompson's murder by encouraging Tyson to lie, or at the very least, providing her information that she had no reason to know with a goal of having her convey that information to authorities.   *See* U.S.S.G. § 3C1.1 cmt. n.4(A) (2015) (stating that covered conduct includes "otherwise unlawfully influencing a co-defendant [or] witness . . . directly or indirectly, or attempting to do so").   This finding is also supported by the reasonable inference that Reyes attempted to conceal from investigators his phone calls to Tyson by (i) using another inmate's phone pin number to place one call and (ii) referring to Tyson as "Tamika" on another call.   Although the district court did not make an explicit factual finding during sentencing concerning these calls—because Reyes withdrew his objection—it accepted the PSR's factual findings (except for the section concerning acceptance of responsibility), including the "reasonably detailed findings" concerning the calls with Tyson.   *See United States v. Thompson*, 808 F.3d 190, 195 (2d Cir. 2015) (per curiam) (noting that a district court may rely on the PSR to impose an obstruction-of-justice enhancement "if the PSR sets forth reasonably detailed findings in

4

support of its conclusions" (internal quotation marks omitted)).    Upon review of the PSR's detailed factual findings concerning the obstruction enhancement, which were adopted by the district court, we are not left with a "definite and firm conviction that a mistake has been committed."    *Ulbricht*, 858 F.3d at 124.

Second, even assuming *arguendo* that Reyes's calls with Tyson did not support a finding necessary to apply the enhancement for obstruction of justice, Reyes cannot satisfy the third prong of plain error review because the enhancement applied due to another reason.    The district court found that Reyes committed perjury while testifying during his sentencing—a separate justification for the enhancement—and for the reasons explained in Part I.B.1 *infra*, that finding is not clearly erroneous.    *See* U.S.S.G. § 3C1.1 cmt. n.4(B), (F) (2015); *see also United States v. McLeod*, 251 F.3d 78, 82 (2d Cir. 2001) ("Among the circumstances for a two-level upward adjustment for obstruction of justice is committing perjury, or providing materially false information to a judge, during sentencing.").

Accordingly, we conclude that Reyes's arguments are insufficient under plain error review to disturb the district court's application of a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

## B.      Reduction for Acceptance of Responsibility

Reyes argues that the district court committed two procedural errors—one factual and one legal—in applying only a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.    As to his factual argument, he contends that the district court relied on a clearly erroneous finding—that Reyes was present during Thompson's murder[3]—in concluding that he lied during his sentencing testimony and was therefore ineligible for a full three-level reduction.    As to his legal argument, he contends that the district court had no authority to withhold the final one-level reduction under U.S.S.G. § 3E1.1(b).

### 1.      The District Court's Factual Finding

We conclude that the district court did not make a clearly erroneous factual finding (that Reyes was present during Thompson's murder) in concluding that Reyes lied during his sentencing testimony.    Based solely on the self-incriminating statements Reyes made to the CS, at a time when he had no motive to lie, the district court's finding was a "permissible view[] of the evidence," and therefore "cannot be clearly erroneous." *See*

---

[3] Reyes actually argues that the district court found that he committed the murder, but the record establishes that it found only that he was present.    *See* J.A. 245, 254.

*Ulbricht*, 858 F.3d at 124.[4]   We also identify no error in the district court's finding that Reyes's explanation of these statements during sentencing was "incredible."   J.A. 245; *see United States v. Delacruz*, 862 F.3d 163, 176 (2d Cir. 2017) ("The ability of the district judge—who has seen and heard the witness—to make credibility determinations is superior to that of the appellate court.").

## 2.    The District Court's Authority under § 3E1.1(b)

We acknowledge that "[a] sentencing court's decision to grant or deny a § 3E1.1 reduction depends, in large part, on that [c]ourt's determination of the credibility of the defendant, and this determination should not be disturbed unless it is without foundation." *United States v. Jeffers*, 329 F.3d 94, 102 (2d Cir. 2003) (alterations, citations, and internal quotation marks omitted); *accord United States v. Reyes*, 9 F.3d 275, 280 (2d Cir. 1993) (noting that acceptance of responsibility is generally a "factual question" and that "[w]ith the defendant before [it], the [district court] is unquestionably in a better position to assess contrition and candor than is an appellate court").   Nevertheless, the district court committed a legal error in withholding a three-level reduction for acceptance of responsibility that warrants resentencing.

Section 3E1.1 of the Guidelines provides, in two subsections, up to a three-level reduction of a defendant's combined offense level for acceptance of responsibility. *United States v. Leung*, 360 F.3d 62, 70 (2d Cir. 2004).   The 2015 Guidelines manual, which controls Reyes's appeal because he was sentenced in July 2016, provides:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

---

[4] Reyes's arguments to the contrary are unavailing under review for clear error.  He contends that the vague meanings of certain words during his conversation with the CS are insufficient to support the district court's finding; for example, Reyes used the word "it" in stating "[t]he[] [lookouts] want[ed] to, but *it* was too sloppy.   I just did *it* myself.   I just felt *it* was personal.   So I just did *it*."  J.A. 201 (emphasis added).  Given that Reyes admitted that he *and others* disposed of Thompson's body and that he *and others* paid an individual to kill Thompson, his contention that "it" meant disposing of Thompson's body or paying for Thompson's murder is unpersuasive—he told the CS "I just did it *myself*" because "it was *personal*."   J.A. 201 (emphasis added).  Furthermore, we cannot conclude, as Reyes argues, that the cell-site evidence plainly contradicts the district court's finding that he was present when Thompson was killed.   The cell-site evidence, which places Reyes in Brooklyn at the time of Thompson's murder, does not demonstrate that Reyes was 1.5 miles away from Thompson at the time of the murder, as he contends; rather, it shows that Reyes's cell phone pinged off a *tower* that was 1.5 miles away when *Thompson made her final telephone call*.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (2015). As Reyes contends, subsection (b)—in contrast to subsection (a)—is not discretionary if its three requirements are satisfied. *See Leung*, 360 F.3d at 70. In other words, if (i) the defendant qualifies under subsection (a) for a two-level reduction, (ii) the defendant's offense level is 16 or greater, and (iii) the Government moves for a further one-level credit, the district court has no discretion to deny the final one-level reduction. *See United States v. Rood*, 281 F.3d 353, 357 (2d Cir. 2002) ("[G]ranting the additional one-level decrease in Section 3E1.1(b) is not discretionary where [the] defendant satisfies the [G]uideline's criteria."); *see also United States v. Mount*, 675 F.3d 1052, 1055–59 (7th Cir. 2012) (explaining why subsection (b) is mandatory if the underlying criteria are satisfied even post-2003 amendment requiring Government motion).

The district court explained its decision to award only a two-level reduction under § 3E1.1 as follows: "I am prepared to, based upon the agreement of the parties, to give [Reyes] a two-level reduction for acceptance of responsibility and I'm not adding a third level because I believe [he] committed perjury on the stand when he testified today." J.A. 248. Although the record is less than clear, the most natural interpretation of this ruling is that the district court granted a two-level reduction under subsection (a), but concluded it had discretion to deny the final one-level reduction under subsection (b). That is procedural error that warrants vacatur because a district court has no discretion to deny a one-level reduction if, as the district court's ruling here suggests, the requirements of subsection (b) are satisfied. *See Rood*, 281 F.3d at 357; *see also Leung*, 360 F.3d at 70. Furthermore, the district court never inquired whether the Government formally moved for the one-level reduction—one of the three necessary predicates under subsection (b)—even though the Government consistently stated that Reyes deserved the full three-level reduction under § 3E1.1 (including subsequent to his testimony during sentencing).[5]

---

[5] The Government does not argue on appeal that its failure to formally move for a one-level reduction under subsection (b) obviates the need to reach the district court's error in denying the reduction for discretionary reasons. Therefore, this argument is forfeited.

Accordingly, we conclude that the district court did not base its decision to withhold the full three-level reduction for acceptance of responsibility on a clearly erroneous factual finding. But it did commit a legal error in concluding it had discretion to deny a one-level reduction under § 3E1.1(b). It appears that the district court awarded Reyes a two-level reduction under § 3E1.1(a), even though the PSR recommended that the court not grant Reyes any reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 cmt. n.4. Therefore, we vacate and remand to allow the district court to make the pertinent findings under § 3E1.1(b) and to determine whether Reyes qualifies for the final one-level reduction. *See Leung*, 360 F.3d at 70.

## II.     Ineffective Assistance of Counsel and Substantive Reasonableness

Reyes contends that his counsel rendered constitutionally ineffective assistance during sentencing by initially withdrawing, and then failing to renew, his objection to the enhancement for obstruction of justice. "When a claim of ineffective assistance of counsel is raised on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Kimber*, 777 F.3d 553, 562 (2d Cir. 2015) (internal quotation marks omitted).

"[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). We are "generally disinclined to resolve ineffective assistance claims on direct review," *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004), and neither Reyes nor the Government provides us with a compelling reason to divert from this "baseline aversion" under the circumstances, *United States v. Khedr*, 343 F.3d 96, 99 (2d Cir. 2003). "Among the reasons for this preference is that the allegedly ineffective attorney should generally be given the opportunity to explain the conduct at issue," *id.* at 100, especially where, as the Government contends here, the purportedly deficient performance (withdrawal of the objection to the enhancement) may have been a strategic choice by Reyes's counsel. We therefore decline to consider Reyes's challenge based on ineffective assistance of counsel in favor of its resolution, if necessary, on collateral review.

Finally, Reyes contends that his life sentence is substantively unreasonable. We need not address this argument because the procedural error as to acceptance of responsibility warrants resentencing. *See United States v. Tutty*, 612 F.3d 128, 131 (2d Cir. 2010). Accordingly, we indicate no view on the substantive reasonableness of a life

8

sentence under the circumstances, even if Reyes's Guidelines range is lowered by the final one-level reduction for acceptance of responsibility on remand.[6]

*\*\**

We have considered Reyes's remaining arguments and conclude that they are without merit. Accordingly, we **VACATE** Reyes's sentence and **REMAND** for resentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6] We note that the additional one-level reduction for acceptance of responsibility, at the time of Reyes's sentencing, would have resulted in a total offense level of 42 and a Guidelines range of 360 months' to life imprisonment, a lesser range than the district court considered. The sentencing transcript provides us no basis from which to conclude this procedural error was harmless—that is, the district court clearly would have imposed a life sentence absent the error. *See United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) ("[W]here we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." (alterations omitted)).